DAVID M. GLOVER, Judge
Anthony Johnson argues he was sentenced as a habitual offender without evidence he had previously been convicted of more than one felony, and the St. Francis County Circuit Court erred in denying his motion to correct an illegal sentence. We affirm.
On April 24, 2012, the State filed a criminal information in the St. Francis County Circuit Court charging Johnson with capital murder, rape, and kidnapping, all Class Y felonies. On February 20, 2014, the parties reached a plea agreement. The State orally amended the information, reducing the charge of capital murder to manslaughter, a Class C felony, with a habitual-offender enhancement; nol prossing the rape charge; and amending the kidnapping charge to false imprisonment in the first degree, a Class C felony. Johnson entered nolo contendere pleas to the offenses of manslaughter, for which he was sentenced to twenty years based upon the habitual-offender enhancement, and false imprisonment, for which he was given a ten-year suspended imposition of sentence.
At the hearing, Johnson's attorney explained to the circuit court the habitual-offender penalty expanded the statutory maximum to twenty years, which would be what the plea agreement called for; counsel also waived arraignment, stated the allegations would not be contested, and stipulated there was sufficient evidence to support a conviction. The circuit court asked if Johnson waived presentation of the evidence, and Johnson's attorney stated they waived both proof and presentation. The circuit court then asked Johnson if he understood that a Class C felony normally carried a sentencing range of no less than three years and no more than ten years, but with the habitual-offender penalty, he could be sentenced to twenty years in prison. Johnson stated he understood. The circuit court then asked Johnson if he understood he had an absolute right to plead not guilty and have a jury trial, in which the State would be required to prove each element of the offense charged beyond a reasonable doubt; Johnson again stated he understood. Johnson told the circuit court he had fully and completely discussed the facts and circumstances with *521 his counsel, and he was fully satisfied with his representation. Johnson then reiterated to the circuit court that he stipulated there was sufficient evidence to convict him and that his attorney had waived presentation of the evidence supporting his guilt. Johnson acknowledged to the circuit court that it was his signature on the "Nolo Contendere Plea Statement"; he had reviewed the document with his attorney; and he understood the information contained in the statement. The State then recommended Johnson be sentenced to twenty years for the offense of manslaughter, with a ten-year suspended imposition of sentence for the offense of false imprisonment to be served after Johnson's release from prison. The circuit court asked Johnson if he heard and understood the sentence, to which he replied yes. The circuit court then asked if the sentencing recommendation was what he thought it would be when he pleaded no contest; Johnson stated that it was. The circuit court proceeded to find Johnson guilty of both manslaughter with an enhanced penalty and false imprisonment, and he was sentenced to twenty years in prison for manslaughter, with a ten-year suspended imposition of sentence for false imprisonment. Johnson was credited with a total of 1095 days for time served, and the circuit court ordered the sentence to run concurrently with a sentence he was currently serving in the state of Indiana. On March 18, 2014, an order was entered reflecting Johnson was sentenced as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(d) (Supp. 2017) but indicating a criminal-history score of zero. An amended sentencing order was filed on April 22, 2014; this order did not indicate Johnson was sentenced as a habitual offender and still reflected a criminal-history score of zero.
On November 21, 2014, Johnson, acting pro se, filed a document entitled "Petition to Correct Illegal Sentence Pursuant to Ark. Code Ann. § 16-90-111" to correct what he contended was an illegal sentence. He argued he was not sentenced as a habitual offender; therefore, the twenty-year sentence he received for manslaughter is illegal, as the maximum sentence for a Class C felony is ten years.
On December 1, 2015, the circuit court held a hearing on Johnson's motion for new trial and his motion to correct an illegal sentence. The State did not object to Johnson's motion for a new trial, and the circuit court orally granted Johnson's motion for new trial.[1] An order appointing Johnson a public defender was entered on December 9, 2015. On March 4, 2016, Johnson's counsel informed the circuit court he did not believe Johnson wanted a new trial; rather, he wanted his judgment and disposition order to be corrected. On March 10, 2016, Johnson's counsel argued the judgment should be amended to reflect a maximum sentence of 120 months, not 240 months. The State argued Johnson had originally been charged with capital murder; had pleaded nolo contendere to manslaughter; a new trial was granted; Johnson was now being held and awaiting trial on the original charge of capital murder; and therefore, his sentencing arguments were moot because he was going to receive a new trial. It became apparent Johnson did not want a new trial-he just wanted to address the manslaughter sentence.
On November 13, 2017, Johnson filed a pro se motion for a nunc pro tunc order to correct the judgment and commitment order *522 to reflect that the circuit court intended to sentence him to ten years, not twenty, on the offense of manslaughter, as nothing in the record justified an enhanced habitual-offender penalty. Johnson asserted that the error was inadvertent; the circuit court could sentence him from three to ten years; the circuit court lacked jurisdiction, authority, or discretion to impose a twenty-year sentence for a Class C felony; and the twenty-year sentence was illegal.
At a hearing held on November 30, 2017, Johnson denied committing the crimes and instead accused the former prosecutor of perpetrating the crimes. The circuit judge recused at that time.
Honorable David Laser was assigned to Johnson's case, and a hearing was held on March 12, 2018. The history of the case was set out, and Johnson's counsel admitted that if a person was sentenced as a "small" habitual offender-more than one but fewer than four felonies-the sentencing range for a Class C felony was three to twenty years pursuant to Arkansas Code Annotated section 5-4-501(a)(2)(D). Johnson's counsel pointed out that the original order had one habitual-offender box checked but not the other, and the amended sentencing order had neither habitual-offender box checked. Johnson's counsel agreed that if Johnson was sentenced as a habitual offender, the twenty-year sentence was within the range of sentencing. However, counsel argued the criminal information listed no habitual-offender enhancements, and Johnson had not been apprised of the habitual-offender enhancement because it was not in the criminal information and because of the discrepancy in the amended order.
The circuit court noted that the February 20, 2014 plea stated Johnson was entering a nolo contendere plea for manslaughter, a Class C felony, and the word "habitual" was entered in parentheses beside that notation. The prosecutor noted both the plea statement and the docket sheet waived proof and presentation of the evidence, which he argued also waived presentation of proof as to the habitual-offender enhancement, and Johnson freely and voluntarily waived presentation of proof and evidence and agreed to be sentenced as a habitual offender on a Class C felony, for which he could be sentenced to twenty years in prison. The circuit court noted that when the plea was entered, Johnson was serving time in Indiana on another felony. The State agreed there were issues with the sentencing order, as the habitual-offender box was not checked on the amended sentencing order, but argued the sentencing order only needed to be corrected to reflect the plea agreement to which Johnson had agreed-being sentenced as a habitual offender on a Class C felony. When asked about the notation of "habitual" in parentheses after the offense of manslaughter on the signed plea statement, Johnson testified that the word "habitual" was not on the plea agreement when he signed it, and it was only inserted after he signed the plea. However, he agreed the plea agreement contained a handwritten statement on the second page, "Manslaughter, 20 years, with credit for 1,095 days served, concurrent with any sentence Defendant is serving in Indiana." Johnson testified that while the circuit court had explained the sentence to him, habitual offender was not mentioned, and he was never told he was sentenced as a habitual offender.
The circuit court ruled Johnson was legally sentenced, and there was no question he knew "full well" he was entering a guilty plea to an offense and was prepared to serve a twenty-year sentence, plus the ten-year suspended imposition of sentence. The circuit court denied Johnson's *523 motion to vacate an illegal sentence and held that all remaining motions were moot. The circuit court determined a second amended sentencing order should be entered indicating Johnson was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(a). An order was entered on March 21, 2018, denying Johnson's motion to correct an illegal sentence; finding that Johnson had entered a negotiated plea of nolo contendere to the charges of manslaughter and false imprisonment and had pleaded to the manslaughter charge as a habitual offender; determining that docket entries indicated Johnson waived presentation of proof and evidence as to the charges as well as the enhancement of the charges; and providing that a second amended sentencing order was to be entered reflecting Johnson was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(a).
On appeal, Johnson argues the circuit court erred in denying his petition to correct an illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). In Henry v. State , 2017 Ark. 28, at 2, 509 S.W.3d 630, 631, our supreme court held:
There is a provision in section 16-90-111 that allows the trial court to correct an illegal sentence at any time because a claim that a sentence is illegal presents an issue of subject-matter jurisdiction. Williams v. State , 2016 Ark. 16, at 2, 479 S.W.3d 544 (per curiam). While the time limitations on filing a petition under section 16-90-111 on the grounds that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c) (2015), the portion of section 16-90-111 that provides a means to challenge a sentence at any time on the ground that the sentence is illegal on its face remains in effect. Halfacre v. State , 2015 Ark. 105, 460 S.W.3d 282 (per curiam). For that reason, the trial court had authority to grant relief under the statute if the sentence imposed on Henry in either of the cases was indeed illegal on its face. Id. ; see also Hill v. State , 2013 Ark. 29 [2013 WL 396010] (per curiam).
A sentence is illegal on its face when it exceeds the statutory maximum for the offense for which the defendant was convicted. Latham v. State , 2018 Ark. 44, 2018 WL 897481. The petitioner who seeks relief under section 16-90-111 carries the burden to demonstrate that his or her sentence was illegal. Id. A circuit court's decision to deny relief regarding claims pursuant to Arkansas Code Annotated section 16-90-111 will not be overturned unless that decision is clearly erroneous. Lukach v. State , 2018 Ark. 208, 548 S.W.3d 810. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Id.
The enhanced sentence of twenty years for a Class C felony is not illegal if a defendant has previously been convicted of more than one and fewer than four felonies. Ark. Code Ann. § 5-4-501(a)(2)(D). Johnson argues the criminal information contained no habitual-offender allegation; the State attempted to orally amend the information at the plea hearing to include a habitual-offender enhancement; but there was no allegation of the minimum number of prior convictions or that the circuit court had knowledge of any such convictions. However, challenges to the sufficiency of the charging instrument are not jurisdictional and must be raised prior to trial. Tolefree v. State , 2014 Ark. 26, 2014 WL 260990. When a defendant enters a plea of guilty, the plea is his or her trial.
*524 Id. Johnson did not raise this issue prior to trial; therefore, he cannot now challenge the sufficiency of the charging instrument.
Johnson further complains that the circuit court did not require the State to prove or even state affirmatively he had two or more previous convictions. He argues because the record is "completely devoid" of any evidence he had more than one prior felony conviction, the twenty-year sentence for manslaughter was illegal, and the circuit court's denial of his petition to correct the sentence was clearly erroneous.
A review of the 2014 hearing in which Johnson pleaded nolo contendere to the manslaughter charge clearly indicates he waived presentation of such proof. When the prosecutor orally amended the capital-murder charge to manslaughter, the applicability of the sentencing enhancement for the habitual-offender penalty was noted. Johnson's counsel stated the enhancement expanded the statutory maximum penalty for manslaughter to twenty years, which was what the plea agreement called for; his counsel agreed Johnson would plead nolo contendere to the allegations, waive arraignment, and not contest the allegations; further his counsel stipulated there was sufficient evidence for a conviction; and his counsel waived proof and presentation of that evidence. The circuit court then addressed Johnson and engaged him independently in a litany of questions shown in detail above.
In denying Johnson's motion to correct an illegal sentence, the circuit court found he had entered a negotiated plea of nolo contendere to the charges of false imprisonment and manslaughter; had pleaded to the manslaughter charge as a habitual offender; and had waived the presentation of proof and evidence as to the charges to which he was eventually sentenced as well as the enhancement of the charges. A second amended sentencing order was filed, reflecting Johnson was sentenced as a habitual offender on the manslaughter charge to a term of twenty years in prison. Because he expressly waived presentation of proof as to both the charges and the enhancement, the circuit court's denial of Johnson's petition to correct an illegal sentence was not clearly erroneous.
Affirmed.
Gladwin and Vaught, JJ., agree.

In the March 21, 2018 order Johnson brings this appeal from, the circuit court found there was never an order entered granting Johnson a new trial; therefore, a new trial was never legally granted.