Cite as 2020 Ark. App. 172

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-736

| | |
|---|---|
| ANGELA HEWITT<br>　　　　　　　　APPELLANT | **Opinion Delivered:** March 11, 2020 |
| | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-18-315 AND 17CR-19-328] |
| V. | |
| STATE OF ARKANSAS<br>　　　　　　　　APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
| | REVERSED AND REMANDED |

## PHILLIP T. WHITEAKER, Judge

Appellant Angela Hewitt[1] appeals from an order of the Crawford County Circuit Court revoking her probation, arguing that her probationary sentence was illegal. The State concedes error in this case. We agree and reverse and remand.

Hewitt was charged in case No. 17CR-18-315 with one count of possession of drug paraphernalia, a Class D felony; in case No. 17CR-19-328, she was charged with one count of possession of hydrocodone and one count of possession of drug paraphernalia, also Class D felonies. In both cases, Hewitt was charged as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(a) (Repl. 2013).[2] On June 7, 2019, the Crawford County

---

[1]We note some confusion about appellant's first name in the record—some documents identify her as "Angela Hewitt" and others identify her as "Angel Hewitt."

[2]Hewitt does not challenge her status as a habitual offender under section 5-4-501.

Circuit Court accepted her guilty plea in both case numbers and sentenced her to a total of thirty-six months' probation on each of the three counts, to be served concurrently. The sentencing order expressly reflected that Hewitt was sentenced as a habitual offender under section 5-4-501(a).

On June 12, 2019, the State filed a petition to revoke Hewitt's probation, alleging that she had failed to comply with the terms and conditions of her probation. The circuit court held a hearing on the State's petition and heard testimony from Hewitt's probation officer. At the conclusion of the hearing, the court revoked Hewitt's probation. In case No. 17CR-18-315, the court sentenced her to six years in a regional correctional facility with an additional six years' suspended imposition of sentence, conditioned on Hewitt's completion of a drug-and-alcohol treatment program. In case No. 17CR-19-328, the court suspended imposition of sentence for ten years, to run concurrently with the sentence in case No. 17CR-18-315. The sentencing order, entered on July 25, 2019, again reflected that Hewitt was sentenced as a habitual offender. Hewitt timely appealed, and she now argues that her original probationary sentences were illegal.

Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *Clark v. State*, 2019 Ark. App. 362, at 6, 584 S.W.3d 680, 684. A sentence is void or illegal when the circuit court lacks authority to impose it. *Whitson v. State*, 2014 Ark. App. 283. Stated another way, when the law does not authorize the particular sentence pronounced by the circuit court, the sentence is unauthorized and illegal. *Id.*

As noted above, Hewitt was charged with three Class D felonies and was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(a)(A)(ii). Under this statute, she was subject to an extended term of imprisonment of "not more than twelve (12) years" because she had been convicted of a Class D felony. Ark. Code Ann. § 5-4-501(a)(2)(E). Thus, at the time of her original guilty plea, she could have been sentenced within a range of zero years to not more than twelve years' imprisonment. *See, e.g.*, *Wells v. State*, 2017 Ark. App. 174, at 13, 518 S.W.3d 106, 114 (noting that a sentencing range of zero to not more than fifteen years' imprisonment was appropriate for a "large" habitual offender convicted of a Class D felony who had previously been convicted of four felonies).

The circuit court did not impose a sentence within that range, however. When Hewitt pled guilty, the circuit court sentenced her to concurrent terms of probation. This sentence was directly contrary to Arkansas Code Annotated section 5-4-301(a)(2) (Repl. 2013), which expressly states that the "court *shall not . . . place a defendant on probation*" if it is determined that the defendant has been previously convicted of two or more felonies in accordance with the habitual-offender statute. (Emphasis added.) *See also State v. Joslin*, 364 Ark. 545, 548, 222 S.W.3d 168, 170 (2006) (reversing and remanding for resentencing when defendant, who was a habitual offender, was sentenced to probation). The circuit court's imposition of probation as a sentence for Hewitt was therefore illegal on its face. *Joslin*, 364 Ark. at 550, 222 S.W.3d at 171. The State concedes this point. Because the sentence of probation was illegal, Hewitt's remedy is for this court to reverse and remand for appropriate resentencing as a habitual offender. *See Taylor v. State*, 354 Ark. 450, 457, 125 S.W.3d 174, 179 (2003).

Reversed and remanded.

HIXSON and MURPHY, JJ., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.