Cite as 2021 Ark. 145

# SUPREME COURT OF ARKANSAS

No. CV-20-698

| | |
|---|---|
| ANTHONY L. JOHNSON<br><br>                                    APPELLANT<br><br>V.<br><br>DEXTER PAYNE, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION<br><br>                                    APPELLEE | **Opinion Delivered** June 17, 2021<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT COURT<br>[NO. 35CV-20-497]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

**ROBIN F. WYNNE, Associate Justice**

Appellant Anthony L. Johnson appeals from the denial of his pro se petition for writ of habeas corpus filed pursuant to Arkansas Code Annotated section 16-112-101 (Repl. 2016). Because Johnson stated no ground in the petition on which the writ could issue, the circuit court's order is affirmed.

## I. *Facts*

In 2014, Johnson, who had been charged in 2012 with capital murder, rape, and kidnapping, entered a plea of nolo contendere to the reduced charges of manslaughter and false imprisonment. He was sentenced as a habitual offender to twenty years' imprisonment for manslaughter and ten years' suspended imposition of sentence for false imprisonment. The sentencing order reflected that Johnson had been sentenced as a habitual offender but indicated a criminal-history score of zero. The judgment was subsequently amended, but it did not reflect that Johnson had been sentenced as a habitual offender and still showed a criminal-history score of zero.

After the amended judgment was entered, Johnson filed a petition in the circuit court to correct the sentence pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016) in which he argued that the sentence of manslaughter was illegal because he had not been sentenced as a habitual offender. After hearings on the matter, the circuit court found that the manslaughter sentence of twenty years' imprisonment was legal, and a new judgment was entered reflecting that Johnson had been sentenced as a habitual offender. Johnson appealed from the new sentencing order. He argued on appeal that the manslaughter sentence was illegal because the original criminal information did not allege that he was a habitual offender. The Arkansas Court of Appeals affirmed the sentencing order, holding that Johnson's claims amounted to a challenge to the charging instrument—not to the circuit court's jurisdiction—and should have been raised prior to entry of his plea. *Johnson v. State*, 2019 Ark. App. 68, 571 S.W.3d 519. The court of appeals noted further that Johnson had entered his plea as a habitual offender, had waived the presentation of proof of the prior charges, and had been fully aware that he was entering a plea as a habitual offender for which he would be sentenced to serve twenty years' imprisonment. *Id.*

In 2020, Johnson filed the habeas petition in the circuit court in the county where he is incarcerated, contending again that his due-process rights were violated because the State did not properly charge him as a habitual offender and did not prove that he was a habitual offender.

## II. *Grounds for Issuance of the Writ*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has

2

personal jurisdiction over the appellant and has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *McArthur v. State*, 2019 Ark. 220, 577 S.W.3d 385. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*.

III. *Claims for Relief*

Johnson contends that the original felony information in his case was insufficient because it did not charge him with being a habitual offender. Claims of a defective information that raise a jurisdictional issue, such as an illegal sentence, are cognizable in a habeas proceeding. *Benson v. Payne*, 2021 Ark. 18 (citing *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503). Here, however, Johnson has not established that the trial court lacked jurisdiction in his case.

3

We need not reiterate the court of appeals' lengthy account of Johnson's original plea hearing or the subsequent hearings addressing Johnson's claims that he was prejudiced by the errors in his sentencing orders. Suffice it to say, Johnson presented no convincing proof that the felony information in his case was defective such that the trial court was deprived of jurisdiction to enter its judgment.

Johnson's claims were primarily a challenge to the court of appeals' decision to affirm the amended judgment that was entered after he had filed the petition under section 16-90-111 and related claims of denial of due process. We have held that allegations of a defective information are generally not considered jurisdictional and are instead treated as assertions of trial error. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. When a defendant enters a plea of guilty, the plea is his trial. *Crockett v. State*, 282 Ark. 582, 669 S.W.2d 896 (1984); *see also Barber v. Kelley*, 2017 Ark. 214. Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court because the writ will not issue to correct errors or irregularities that occurred at trial. *Rabion v. Kelley*, 2020 Ark. 375. A habeas proceeding does not afford a petitioner an opportunity to retry his or her case.

Affirmed.

WEBB, J., concurs.

**BARBARA W. WEBB, Justice, concurring**. I agree that Anthony L. Johnson is not entitled to habeas relief. I, however, write separately because I have a different rationale for my conclusion.

The case before us presents a fundamental contradiction between the plain wording of our habeas statute and the oft-cited boilerplate of judge-made law that has become a staple of our habeas opinions. In pertinent part, under Arkansas Code Annotated section 16-112-103 (Repl.

4

2016), a "writ of habeas corpus shall be granted forthwith . . . to any person who shall apply for the writ by petition showing, by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority." However, the forementioned boilerplate states:

> A petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016).

Obviously, the boilerplate purports to construe section 16-112-103 to say something that it simply does not say.

Incorporating the boilerplate as the controlling law is of great consequence in this case. Mr. Johnson has attached to his habeas petition the three commitment orders that were entered in his case: the original dated March 18, 2014; an amended order dated April 22, 2014; and yet another amended order dated April 18, 2018. All three reflect that he had a criminal-history score of zero, yet memorialize that he is sentenced as a habitual offender. Accordingly, Mr. Johnson has pleaded that the judgments are "facially invalid." Does this pleading establish that Mr. Johnson is "unlawfully detained"? The answer is a resounding no.

In his habeas petition, Mr. Johnson acknowledges that on April 24, 2012, he was charged by felony information with capital murder, rape, and kidnapping, asserting that the information was silent as to his habitual-offender status. Further, he notes that on February 20, 2014, the State orally amended the felony information, reducing the murder charge to manslaughter with a habitual-offender enhancement. Mr. Johnson states that he pleaded nolo contendere to manslaughter and the reduced charge of false imprisonment. He further acknowledges that "the record is clear that the Petitioner had stipulated to there being sufficient evidence against him for a conviction." The sole basis that he asserts for habeas relief is that "he could not agree or stipulate

5

to being an habitual offender when the allegation was never included in the felony information." In my view, this allegation falls well short of the statutory requirement that he show "by affidavit or other evidence, probable cause to believe he or she is detained without lawful authority." Ark. Code Ann. § 16-112-103. Because Mr. Johnson failed to satisfy the pleading requirements of our habeas statute, the circuit court did not clearly err in denying him habeas relief.

I concur.

*Anthony Johnson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.