Cite as 2022 Ark. App. 185

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-20-739

| | |
|---|---|
| MARTY DEAN MOORE<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | OPINION DELIVERED APRIL 27, 2022<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-18-229]<br><br>HONORABLE GARY ARNOLD, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

**ROBERT J. GLADWIN, Judge**

The Saline County Circuit Court revoked Marty Dean Moore's probation on September 10, 2020. Moore was sentenced to fifty-four months' incarceration in the Arkansas Department of Correction (ADC) and thirty-six months' probation with no credit for time served in jail. On appeal, Moore argues that the circuit court erred by sentencing him illegally and by disallowing any jail-time credit. We affirm Moore's revocation and remand for the circuit court to correct his sentence.

## I. *Facts*

On March 2, 2018, Moore was charged with failure to appear and possession of a controlled substance. He negotiated a guilty plea, and the State nolle prossed the possession charge. He was sentenced to thirty-six months' probation for failure to appear contingent

on conditions, including that he commit no criminal offenses; pay $820 in costs, fines, and fees; and pay monthly supervision fees.

On February 10, 2020, the State filed a revocation petition alleging that on November 12, 2019, Moore had committed "Failure to Appear (x4), and Computer Child Pornography (x14)." The petition further alleged that Moore had not reported for a ninety-day Supervision Sanction Program (SSP); failed to report for three scheduled office visits; failed to provide an apartment number with his address; failed to provide proof of employment; and was delinquent in paying supervision fees, fines, and costs. Moore was served with the bench warrant on February 14.

A revocation hearing was held on August 25, and Probation Officer Brittney Cathey testified that Moore had initialed and signed his probation conditions. She said that Moore is $350 behind in supervision fees, that as of January 21, 2020, he owed $1300 in court costs and fines, and that he had not made any payments in the two years he had been on probation. She said that in 2019, Moore failed to report for his office visits on June 14, June 17, and August 14, and he also failed to complete a treatment program ordered in Garland County on April 29.[1] She said that officers conducting a home visit on August 15, 2019, could not locate his residence because Moore had provided a road name with no apartment number. She said that Moore was arrested on November 12, 2019, for new failure-to-appear

_____

[1]The testimony and arguments in the record indicate that Moore had been sentenced in the Garland County Circuit Court—under a separate probation case based on nonpayment of child support—to an SSP for drug treatment, but he was released from the Garland County jail before being transferred to a facility for this program.

2

offenses "times four" and computer child pornography "times 14." She said that since Moore's arrest, the computer-child-pornography counts were raised to forty-nine. Benton Police Detective Dustin Derrick testified regarding the circumstances leading to Moore's arrest on the child-pornography and failure-to-appear charges. After Moore testified, the circuit court granted the State's revocation petition and ordered a presentencing report.

At the sentencing hearing, Moore's attorney asked the court to extend Moore's probation with an added condition that he complete a drug-rehabilitation program. The circuit court sentenced Moore to fifty-four months' imprisonment in the ADC, reasoning that "the most appropriate thing is to be sure he gets intensive secure rehab."[2] Moore asked, "I don't get no credit at all for the 292 days that I've already been here?" The court responded, "No. That's exactly what I said. That doesn't count toward this sentence."

On September 10, a sentencing order was filed, and it reflects that Moore was sentenced to fifty-four months' incarceration in the ADC and thirty-six months' probation with no jail-time credit. On September 16, Moore moved to request credit for time spent in custody. He alleged that he was arrested on November 11, 2019, for "failure to comply with the rules" of his probation and that he has remained in jail since that time. He asked for 295 days' jail-time credit against his fifty-four-month sentence. Also on September 16, Moore

[2]The circuit court first announced that Moore would be sentenced to thirty-six months' incarceration; however, the court changed the sentenced to fifty-four months, making Moore eligible for parole no sooner than nine months after he is admitted and reasoning that Moore would remain in ADC for "at least the time necessary to get the most intensive drug-treatment program they have."

moved for reconsideration, asking that the court reconsider his fifty-four-month sentence to ADC because he was sentenced for noncompliance with probation and failure to pay child support. These motions were deemed denied under Rule 33.3 of the Arkansas Rules of Criminal Procedure, and on October 2, Moore filed a timely notice of appeal.[3] This appeal followed.[4]

## II. *Illegal Sentence*

Moore contends that the circuit court erred by illegally sentencing him to probation following his term of imprisonment.

> On review of the legality of a sentence, we must determine whether the trial court had the authority to impose a particular sentence and not whether the sentence is illegal on its face or within the prescribed statutory range. *Glaze v. State*, 2011 Ark. 464, at 7, 385 S.W.3d 203, 209. The touchstone for determining whether a sentence is illegal or void is the trial court's "authority to act." *Id.*, 385 S.W.3d at 209. A sentence is illegal if the trial court is without the authority to impose it, even if on its face it is within the statutory range. *Id.*, 385 S.W.3d at 209. Because sentencing is entirely a matter of statute, the trial court only has the authority to impose a particular sentence when it complies with the applicable statute. *Id.*, 385 S.W.3d at 209.

*Wakeley v. State*, 2013 Ark. App. 231, at 4. Further, the Arkansas Supreme Court held,

> [W]e treat allegations of void or illegal sentences similar to problems of subject matter jurisdiction in that we review such allegations whether or not an objection was made in the trial court. *Howard v. State*, 289 Ark. 587, 715 S.W.2d 440 (1986). A sentence is void when the trial court lacks authority to impose it. *Id.* Here, appellant asserts

---

[3]A notice of appeal filed before disposition of any posttrial motions shall be treated as filed on the day after the motion is deemed denied by operation of law and is effective to appeal the underlying judgment or order. Ark. R. App. P.–Crim. 2(b)(2) (2021).

[4]On May 3, 2021, counsel filed in this court a motion to withdraw, arguing that Moore's sentence should be affirmed. We ordered rebriefing, *see Moore v. State*, 2022 Ark. App. 5, and Moore's appeal brief was refiled on meritorious grounds.

that the trial court was without authority to impose a sentence of imprisonment followed by probation. Therefore, we address the merits of appellant's argument.

> [Arkansas Code Annotated] section 5-4-104(a) provides that a trial court's disposition of a defendant is to be conducted in accordance with Chapter 4 of the Arkansas Criminal Code. Section 5-4-104(e)(3) provides that a trial court may sentence the defendant to a term of imprisonment and suspend imposition of a sentence as to an additional term of imprisonment, but the court shall not sentence a defendant to imprisonment and place him on probation, except as authorized by section 5-4-304.

*Bangs v. State*, 310 Ark. 235, 239, 835 S.W.2d 294, 295–96 (1992).

Moore was sentenced to fifty-four months' imprisonment in ADC plus thirty-six months' probation. Pursuant to *Bangs*, Moore urges this court to correct his sentence or vacate the sentence and remand the case to the circuit court. *See* Ark. Code Ann. § 5-4-104(e)(3)(B) (Supp. 2021).

The State concedes that Moore cannot be sentenced to imprisonment followed by probation. However, it urges this court to affirm Moore's revocation and modify the sentence from probation to thirty-six months' suspended imposition of sentence after Moore is released from incarceration without the requirement that he report to a probation officer as a condition of his suspension. *See Kennedy v. State*, 2021 Ark. App. 413, at 9–10, 635 S.W.3d 524, 528–29 (holding that provision requiring defendant report to a supervising officer as a condition of his suspended imposition of sentence is prohibited and modifying sentence to delete reporting requirement).

The record does not support the State's position. Even though Moore's counsel sought extended probation and drug rehabilitation in lieu of imprisonment, the circuit court

5

sentenced Moore to a term that would allow for drug rehabilitation but did not mention a suspended or probationary sentence. Nonetheless, the sentencing order reflects an illegal probationary sentence to follow imprisonment. Thus, we affirm Moore's revocation and remand for the circuit court to correct Moore's sentence in compliance with Arkansas Code Annotated section 5-4-104.

III. *Jail-Time Credit*

A defendant will receive credit for time served when he was incarcerated before a trial, even in the case where he was unable to make bail. *Boone v. State*, 270 Ark. 83, 603 S.W.2d (1980). The cause of the confinement must be related to the offense for which the defendant is seeking to receive time served or jail credit. *Id.*; *see also Cox v. State*, 288 Ark. 300, 705 S.W.2d 410 (1986).

Moore argues that the circuit court erred by not granting him jail-time credit, and he relies on Arkansas Code Annotated section 16-93-309(e) (Supp. 2021), which states:

> If the suspension of sentence or probation of a defendant is subsequently revoked and the defendant is sentenced to a term of imprisonment, any period of time actually spent in confinement due to the original revocation shall be credited against the subsequent sentence.

Moore claims that he was arrested on a probation violation; thus, he argues that when the statute is applied with the holding in *Boone*, he is entitled to 203 days' jail-time credit for time served between his arrest on February 10, 2020, and the sentencing hearing because he was not released on bond before his revocation hearing. *Boone*, *supra*.

6

We hold that the circuit court committed no error in denying Moore's request for jail-time credit. First, Moore's reliance on Arkansas Code Annotated section 16-93-309(e) is misplaced. The statute addresses a situation in which a defendant's suspension or probation is revoked twice, the second time resulting in a sentence to imprisonment. *Burgess v. State*, 2016 Ark. 175, at 13, 490 S.W.3d 645, 653. A defendant in that situation is entitled to a credit against his sentence to imprisonment for the time he served in confinement for the first revocation. *Id.* Accordingly, the statute is inapplicable.

Second, Moore's argument that he was arrested for a probation violation is inaccurate. Moore was arrested on November 11, 2019, on four counts of failure to appear and fourteen counts of possession of child pornography, and the record reflects that Moore was unable to make bail on those charges. "Jail time credit is . . . appropriate when a defendant's pretrial incarceration is due to his inability to make bail, but is inappropriate for time served in connection with wholly unrelated charges based on conduct other than for which the defendant is ultimately sentenced." *Boone*, 270 Ark. at 85, 603 S.W.2d at 412. Thus, Moore is not entitled to credit for time spent in jail as a result of the November 2019 arrest because it was wholly unrelated to his sentence on the charges underlying his probation.

Affirmed; remanded to correct sentencing order.

KLAPPENBACH and HIXSON, JJ., agree.

*Jones Law Firm*, by: *F. Parker Jones III*, *Christopher Tolleson*, and *Vicram Rajgiri*, for appellant.

7

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Sr. Ass't Att'y Gen., for appellee.