Cite as 2023 Ark. App. 145

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-22-245

| | | |
|---|---|---|
| JAMAR CONIC | | **Opinion Delivered** March 15, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [NO. 60CR-15-2679] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ANDREW GILL, JUDGE |
| | | REVERSED AND REMANDED |

**BRANDON J. HARRISON, Chief Judge**

Jamar Conic appeals from sentencing proceedings for a fourth-offense driving while intoxicated (DWI 4th), an unclassified felony he admittedly committed 15 May 2015. Ark. Code Ann. §§ 5-65-103, -111(b)(3)(A) (Supp. 2013). This was his fifth sentencing for that offense.

Conic was originally sentenced, after a guilty plea, to thirty-six months' probation, plus suspended fines and court costs, in a judgment entered in March 2016.[1] In June 2016,

---

[1]Conic was sentenced on related counts of attempting to influence a public servant, Ark. Code Ann. § 5-52-105 (Repl. 2016) (count 2), driving with a suspended license, Ark. Code Ann. § 5-65-105 (Supp. 2015) (count 3), and refusing to submit to a chemical test, Ark. Code Ann. § 5-65-205 (Supp. 2015) (count 4). The court imposed twelve months' probation for count 2, and thirty days each for counts 3 and 4, to run concurrently. A note on the sentencing order reads, "Random Drug Screens, PAC Treatment, $500 Fine and Court Costs are Suspended, No Act 531 on Count One. Act 531 on Cts. 2-4." Conic discharged his probation on counts 2 through 4 before the events relevant to this appeal, so we don't discuss them further.

the circuit court modified the sentence after a revocation hearing. A note in the sentencing order reads, "Random Drug Screening, PAC Treatment, No Fine But Court Costs Are Assessed, No Act 531, No Alcohol." A third sentencing order, identical except for the sentencing date, was entered in October 2016. With it, the court entered conditions of release for a three-year probation term beginning October 6.

Conic was next sentenced—for a fourth time if you are counting—on a revocation petition filed 19 August 2019. We addressed his appeal from those proceedings, and his sentence to three years' incarceration, in *Conic v. State*, 2021 Ark. App. 185, 624 S.W.3d 322 (*Conic I*). We reversed and remanded for resentencing because the circuit court had violated Conic's Sixth Amendment rights in the circumstances when it made him proceed uncounseled at a felony revocation sentencing.[2]

On remand and before resentencing, Conic petitioned to correct a manifest injustice under Ark. R. Crim. P. 26, and to correct an illegal sentence under Ark. Code Ann. § 16-90-111 (Repl. 2016). In the petition, he objected to the legality of his sentence: probation is not a legal sentence for DWI, he said, so resentencing him in a revocation proceeding

---

[2]Conic had also raised this about his sentence: When he pleaded guilty to DWI 4th, he had pleaded guilty to, but not yet been sentenced for, one of the three DWI offenses. *Conic I*, 2021 Ark. App. 185, at 15, 624 S.W.3d at 332. By the 2019 revocation hearing, that case had been dismissed on speedy-trial grounds. We held that Conic's appeal from the order denying relief was untimely. *Id.* at 15–16, 624 S.W.3d at 332. Further, his motion was itself untimely because Conic's challenge did not affect the facial legality of the judgment. *Id.* at 16–17, 624 S.W.3d at 332.

related to the violation of a probationary period that was related to a DWI would also be illegal.[3]

The State argued that Conic's probation sentence for DWI 4th was not illegal. For one thing, it said, the statutes don't explicitly prohibit DWI offenses from being transferred to drug-treatment court, and "specialty treatment courts around the state—including *DWI* courts—have routinely placed defendants convicted of DWI into programs like Pulaski County's Drug Court" to reduce recidivism "through treatment as opposed to incarceration."[4] The circuit court denied Conic's petition from the bench. After a two-part revocation hearing in November 2021, the circuit court sentenced Conic to forty-eight months in the Arkansas Department of Correction with judicial transfer to a Community Correction Center.

Conic moved the court to reconsider his petition. The circuit court did not rule on it. Conic noticed a timely appeal from the resulting automatic denial by law. Ark. R. Crim. P. 33.3(c). He argues here that on remand, the circuit court erred by resentencing him in proceedings to revoke an illegal probation sentence.

---

[3]In his motion for reconsideration, Conic asserted that his fundamental rights had been violated. His only argument that might have been sufficiently developed to preserve it for appeal involved his assertedly erroneous guilty plea to DWI 4th. It is not clear whether he raises it on appeal. We would reject it, in any event, for the reasons we rejected it in the first appeal. *Conic I*, 2021 Ark. App. 185, at 16–17, 624 S.W.3d at 332–33.

[4](Emphasis in original.) The State also contended that if probation were not a legal sentence, we would have corrected it in *Conic I*. It does not renew that argument here.

## I. *Standard of Review*

This Court will not reverse a circuit court's denial of a motion to correct an illegal sentence pursuant to Ark. Code Ann. § 16-90-111(a) unless the circuit court's decision is clearly erroneous. *E.g.*, *Johnson v. State*, 2019 Ark. App. 68, 571 S.W.3d 519. A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left with a definite and firm conviction that the circuit court has made a mistake. *E.g.*, *id.*

But sentencing in Arkansas is entirely a matter of statute. *E.g.*, *id.* A sentence is illegal if the statutes in place when the crime was committed did not authorize it. *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864; *Richie* v. State, 2009 Ark. 602, 357 S.W.3d 909. We review issues involving statutory construction de novo because the appellate court decides the meaning of a statute. *State v. Colvin*, 2013 Ark. 203, 427 S.W.3d 635. The basic rule of statutory construction is to give effect to the intent of the legislature. *E.g.*, *id.* "[P]enal statutes are to be strictly construed, and all doubts are to be resolved in favor of the defendant. However, even a penal statute must not be construed so strictly as to defeat the obvious intent of the legislature." *Id.* at 7, 427 S.W.3d at 640. When construing a statute, we must "place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole." *Id.* Finally, "[s]tatutes relating to the same subject must be construed together and in harmony, if possible." *Id.* Because a defendant must be sentenced under the laws effective when the offense was committed, *State v. O'Quinn*, 2013 Ark. 219, at 3, 427 S.W.3d 668, 670, we discuss the statutes as they read on 15 May 2015.

## II.	*Is Probation a Legal Sentence for Driving While Intoxicated?*

Here, Conic renews his argument that he was illegally sentenced on revocation because probation was not a lawful sentence for DWI. The State contends the sentence was not necessarily illegal, because statutory permission for DWI offenders to participate in drug court might have allowed probation in connection with Conic's participation there.[5]

The State acknowledges that "at first blush," Conic might seem to be right. It acknowledges, for example, that sections 5-4-104(e)(1)(A)(iv) and 5-4-301(a)(1)(D) (Repl. 2013) provide that "a court shall not suspend imposition of sentence as to a term of imprisonment or place a defendant on probation" for DWI. But the Omnibus DWI Act provides, notwithstanding sections "5-4-301, 5-4-322, or subsection [5-65-108(c)(1)], in addition to the mandatory penalties required for a violation of § 5-65-103," that a judge may "utilize probationary supervision solely for the purpose of monitoring compliance with his or her orders[.]" Ark. Code Ann. § 5-65-108(c)(2). The drug-court statutes mention DWI offenders and do not exclude them from participating. Ark. Code Ann. § 16-98-303(c)(1) and (g)(2)(B)(iv). So the State argues that Conic's probation sentence, in connection with drug court, "does not conflict with the prohibition against probation as it is defined by Arkansas law." We cannot agree with the State's argument as it is presented and supported in this case.[6]

---

[5]Both the parties and the circuit court referred to Conic's participation in drug court, but we saw no related documentation in the record.

[6]The State cites, and substantially relies on, an analysis of these issues in Op. Ark. Att'y Gen. No. 200 (2009).

First, we conclude from this record that Conic was sentenced to ordinary probation, not "probationary supervision" under subsection 108(c)(2). The two are not one and the same thing. That provision assumes the "mandatory penalties required for" a DWI conviction have been imposed. But the mandatory penalties were not imposed with Conic's probation sentence. This record (which is admittedly thin before Conic's 2020 revocation) doesn't suggest the court used "probationary supervision *solely* for the purpose of monitoring compliance" with its orders either. (Emphasis added.) Conic was sentenced to probation in October 2016 on conditions that were mostly standard. His latest revocation was for new arrests, a common violation of standard conditions. He was sentenced to serve probation for "a definite period of time" that did not exceed the maximum prison sentence for his offense, consistent with Ark. Code Ann. § 5-4-306 (Repl. 2013). There was no connection to court-ordered obligations that might have been discharged sooner. In any event, subsection 108(c)(2) does not seem to contemplate a probation *sentence* at all. It seems to supply, instead, a mechanism for monitoring compliance with orders where noncompliance would be punished through contempt, not resentencing for the DWI offense.

Second, several statutes unambiguously prohibit probation for DWI offenders. For example, Ark. Code Ann. § 5-4-301(a)(1) & (a)(1)(D) states, "A court shall not suspend imposition of sentence as to a term of imprisonment or place a defendant on probation for . . . [d]riving while intoxicated, § 5-65-103[.]" And Ark. Code Ann. § 5-4-321 allows a court, in a misdemeanor traffic case "other than a case involving driving under the influence of alcohol or a drug", to postpone judgment for not more than one year with the defendant on supervised or unsupervised probation status. *See also* Ark. Code Ann. § 5-4-322(b)(1)

6

(noting that section involving probation fees "does not apply when the defendant is charged with violating the Omnibus DWI Act, § 5-65-101 et seq.").  The requirement that any DWI offender be "imprisoned" for some time, Ark. Code Ann. § 5-65-111, implicitly (and logically) prohibits probation because no one can be sentenced to serve probation after a term of imprisonment.[7]  Elsewhere, the General Assembly attempted to prevent a procedural evasion of these requirements after a DWI arrest.  *See* Ark. Code Ann. § 5-65-107 (A person arrested for DWI "shall be tried on those charges or plead to those charges, and no such charges shall be reduced" and any DWI citation "shall be filed with the court as soon as possible".).

We acknowledge that probation is more directly prohibited before an adjudication of guilt.  Section 5-65-108 explicitly prohibits using the procedure in Ark. Code Ann. §§ 16-93-301 et seq., under which a judge "is allowed to discharge the accused without a court adjudication of guilt" and expunge the record.  Ark. Code Ann § 5-65-108(a), (b) & (c)(1).  A statute in Chapter 4 of the Criminal Code, where some of the statutes that prohibit probation for DWI are found, similarly defines "probation" as a procedure in which a defendant "is released by the court without pronouncement of sentence."  Ark. Code Ann. § 5-4-101(2) (Repl. 2013).  But other statutes allow probation as a sentence *for* a conviction (meaning an "adjudication of guilt").  For example, probation *must* be imposed in a

---

[7]*E.g.*, *Moore v. State*, 2022 Ark. App. 185, 644 S.W.3d 448.  The statute that prohibits this, Ark. Code Ann. § 5-4-104(e)(3)(B), includes an exception for orders to serve a period of confinement as a condition of probation under Ark. Code Ann. § 5-4-304.  But confinement "is not deemed a sentence to a term of imprisonment[.]" *Id.* § 5-4-304(b).

judgment of conviction if the defendant is also sentenced to pay a fine. *See* Ark. Code Ann. § 5-4-301(d)(1) & (d)(1)(A).

Anyway, the State doesn't argue probation is available for DWI offenders outside drug court. But even when dealing with an offender under the Drug Court Act, the circuit court is bound by the general sentencing provisions of the Arkansas Criminal Code. *Cross v. State*, 2009 Ark. 597, at 9, 357 S.W.3d 895, 901. And they unambiguously prohibit probation for DWI offenders. We cannot interpret them as the State asks without legislating.

We express no opinion about the circuit court's other sentencing options on remand. But for a DWI committed 15 May 2015, they do not include, and never have included, probation.

## III.  *Remand*

The State argues we don't need to order resentencing, even if Conic's probation sentence was illegal, because his current sentence is within statutory limits. Alternatively, it argues we should vacate and remand for the circuit court to enter a lawful sentence for DWI 4th under Ark. Code Ann. § 5-65-111(b)(3)(A) (Supp. 2013). "If an original sentence is illegal, it may be corrected at any time, even if it has been partially executed." *Miller v. State*, 2022 Ark. App. 352, at 5. Further, a revocation of an illegal probation or suspended sentence cannot stand while the illegal sentence is in place. *Dodds v. State*, 2018 Ark. App. 86, 543 S.W.3d 513. The remedy is not to dismiss the proceedings, but to enter a legal sentence. *E.g.*, *State v. Webb*, 373 Ark. 65, 281 S.W.3d 273 (2008) (remanding for new

8

sentencing in state's appeal from expungement where defendant had been eligible for neither probation nor expungement).

Here, as in *Burgess v. State*, 2021 Ark. App. 54, the revocation involved a sentence that is specifically prohibited by statute. We reverse and dismiss the revocation proceedings and remand to the circuit court to sentence Conic within the statutory range for DWI 4th. *Id.*

Reversed and remanded.

GLADWIN and KLAPPENBACH, JJ., agree.

*Law Office of Boyd Connors, P.A.*, by: *Cara Boyd Connors*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.