Cite as 2026 Ark. App. 39

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CR–25–318

|  |  |
|---|---|
| FREDERICK HENDERSON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** January 21, 2026<br><br>APPEAL FROM THE MILLER COUNTY CIRCUIT COURT<br>[NO. 46CR-19-74]<br><br>HONORABLE CARLTON D. JONES, JUDGE<br><br>MOTION TO WITHDRAW DENIED; ADVERSARY BRIEFING ORDERED |

## BRANDON J. HARRISON, Judge

On 24 February 2025, the Miller County Circuit Court revoked Frederick Henderson's probation and sentenced him to six years in the Arkansas Division of Correction. It also imposed a $150 court cost, a $40 booking fee, and a $100 bailiff fee, and ordered him to pay "all previously assessed fines, costs, restitution, etc. upon release." Those financial obligations included a balance from Henderson's original sentence in March 2019 (a $1,000 fine, $150 court cost, $20 booking fee, $250 DNA sample fee, and $100 bailiff fee), plus sentences at each of three previous revocation hearings to pay $150 in court costs, a $40 booking fee, and a $100 bailiff fee. All four petitions to revoke alleged Henderson had failed to pay his court-ordered financial obligations. A failure-to-pay finding was one ground for the February 2025 revocation.

Henderson, who has been homeless since at least 2019 according to his probation officer, appealed. The circuit court substituted Phillip A. McGough for the public defender to handle the appeal. He moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(b), contending no adverse ruling would be a meritorious ground for appeal. His accompanying "no merit" brief focuses on support in the record for the revocation findings.

McGough does not demonstrate that any part of Henderson's revocation sentence was authorized by statute. A sentence that is more severe, less severe, or different in kind than the General Assembly has authorized is an illegal sentence. *Ellis v. State*, 2019 Ark. 286, 585 S.W.3d 661; *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864; *Richie v. State*, 2009 Ark. 602, 357 S.W.3d 909 (2009); *Conic v. State*, 2023 Ark. App. 145, 662 S.W.3d 707. A criminal sentence includes the court costs and fees imposed. *Hayes v. State*, 2020 Ark. 297, at 20 (reversing excessive $165 court cost). And an illegal sentence can be challenged on appeal even if no objection was made in circuit court. *Richie, supra*.

When our review of the record in an *Anders* case reveals a nonfrivolous issue about the legality of the sentence imposed, we deny counsel's motion to withdraw and order adversary briefing. *Stanley v. State*, 2023 Ark. App. 89, at 8 n.2, 661 S.W.3d 218, 222 n.2 (Harrison, C.J., dissenting) (collecting authorities). We have found no opinion of this court or our supreme court that decides whether a circuit court has statutory authority to impose these statutory fees and court costs at a revocation sentencing. An appeal of those issues would not be frivolous. McGough is ordered to brief them (and any other merit issues he

may identify) within forty days or any extended time the court may allow.  The State must file a response brief in the normal course unless excused for good cause shown.

Motion to withdraw denied; adversary briefing ordered.

ABRAMSON and TUCKER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.