Cite as 2026 Ark. App. 92

# ARKANSAS COURT OF APPEALS
### DIVISION III
No. CR-24-596

|  |  |
|---|---|
| LAWRANCE MAHOMES<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 11, 2026<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-19-390]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>REVERSED AND REMANDED FOR RESENTENCING |

## WENDY SCHOLTENS WOOD, Judge

Lawrance Mahomes appeals a Conway County Circuit Court sentencing order revoking his probation and sentencing him to twenty-five years' imprisonment. For his sole argument on appeal, Mahomes contends that his underlying probationary sentence was illegal because he was not eligible for probation as a habitual offender; therefore, his case must be remanded for resentencing. We agree and reverse and remand for resentencing.

On December 19, 2019, the State filed a felony information charging Mahomes with theft by receiving (property equal to or greater than $25,000), a Class B felony, in violation of Arkansas Code Annotated section 5-36-106(e)(1) (Repl. 2024). The State sought an enhanced penalty, alleging that Mahomes was a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Supp. 2025). Mahomes pled guilty to theft by receiving,

and the circuit court sentenced him to sixty months' probation in a sentencing order entered on May 6, 2020. The sentencing order reflects that Mahomes was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(a).

The State filed petitions to revoke Mahomes's probation on November 3, 2022; December 9, 2022; and February 22, 2024. After a March 11, 2024 revocation hearing, the circuit court entered a sentencing order on March 12 revoking Mahomes's probation because he violated the conditions of his probation by committing new offenses, failing to report, using controlled substances, and failing to pay his costs and fees as directed. The circuit court's order sentenced him as a habitual offender to twenty-five years' imprisonment. Mahomes appeals the March 12 sentencing order.

Sentencing in Arkansas is entirely a matter of statute, and no sentence shall be imposed other than as prescribed by statute. *Hewitt v. State*, 2020 Ark. App. 172, at 2, 598 S.W.3d 531, 532. A sentence is void or illegal when the circuit court lacks authority to impose it. *Id.* at 2, 598 S.W.3d at 532. Stated another way, when the law does not authorize the particular sentence pronounced by the circuit court, the sentence is unauthorized and illegal. *Id.* at 2–3, 598 S.W.3d at 532.

Mahomes contends that his May 6, 2020 probationary sentence was illegal because he was not eligible for probation as a habitual offender, and his case must be remanded for resentencing. He is correct. The May 2020 sentencing order imposing probation reflects that Mahomes was sentenced as a habitual offender pursuant to "A.C.A. § 5-4-501, subsection (a)." However, Arkansas Code Annotated section 5-4-301(a)(2) provides that the court shall

not place a defendant on probation if it is determined that the defendant has been previously convicted of two or more felonies, in accordance with the habitual-offender statute. Ark. Code Ann. § 5-4-301(a)(2) (Supp. 2025). Therefore, Mahomes's underlying probation sentence violated section 5-4-301(a)(2) and is illegal.

This case is similar to *Hewitt*. Hewitt had been charged as a habitual offender with three Class D felonies. She pled guilty, and the court sentenced her to thirty-six months' probation on each felony to run concurrently. After her probation was revoked, she appealed, arguing that the sentence of probation was illegal. The State conceded error, and we remanded for resentencing. We held that "[b]ecause the sentence of probation was illegal, Hewitt's remedy is for this court to reverse and remand for appropriate resentencing as a habitual offender." *Hewitt*, 2020 Ark. App. 172, at 3–4, 598 S.W.3d at 531.

However, while the State concedes error in this case, it argues that (1) because Mahomes only challenges the illegality of the underlying probationary sentencing order; (2) Mahomes's probation was revoked by the March 2024 sentencing order; and (3) the sentence imposed in the 2024 order is within the statutory range, resentencing is moot, and remand would be a "vain and useless act." We disagree. In addition to *Hewitt*, the appellate courts have remanded for resentencing in other illegal-probation-sentence cases. *See State v. Joslin*, 364 Ark. 545, 222 S.W.3d 168 (2006); *Miller v. State*, 2022 Ark. App. 352, at 4–6.

Moreover, we note that in *Conic v. State*, 2023 Ark. App. 145, at 8, 662 S.W.3d 707, 712, the State raised—and we rejected—a similar argument that a remand to resentence was not necessary because even if Conic's probationary sentence in a DWI (fourth offense) was

illegal, his current sentence was within statutory limits. We concluded that a revocation based on an underlying sentence prohibited by statute should be dismissed. *Id.* at 8–9, 662 S.W.3d at 712 (citing *Dodds v. State*, 2018 Ark. App. 86, 543 S.W.3d 513). We reversed and dismissed the revocation proceedings and remanded to the circuit court for it to sentence Conic within the statutory range for fourth-offense DWI. *Id.* at 9, 662 S.W.3d at 713 (citing *Burgess v. State*, 2021 Ark. App. 54).

Consistent with *Hewitt*, *Joslin*, *Miller*, and *Conic*, we reverse and dismiss the probation-revocation proceedings and remand to the circuit court to sentence Mahomes within the statutory range as a habitual offender for his underlying theft-by-receiving conviction.

Reversed and remanded for resentencing.

HIXSON and BROWN, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.