FARRELL *v.* OLIVER.

Opinion delivered January 10, 1921.

1.  STATE—ILLEGAL PAYMENT OF PUBLIC FUNDS.—Under Const. 1874, art. 16, § 13, authorizing any citizen of any county, city or town to sue to protect the inhabitants thereof against the enforcement of any illegal exactions whatever, a citizen and taxpayer can maintain a suit, to prevent a misapplication of State funds, as well as of the funds of counties, cities or towns.

2.  STATE—MISAPPROPRIATION OF PUBLIC FUNDS—RELIEF.—The constitutional remedy against the unlawful appropriation of public funds is obtainable as a matter of right, not of discretion, and the courts will not consider the taxpayer's delay in starting such suit until nearly the close of the biennial period for which the appropriation was made.

3.  STATE—GENERAL APPROPRIATION BILL.—The constitutional provision (art. 5, § 30) that the general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative and judicial departments of the State is mandatory.

4. STATE — APPROPRIATION FOR INDUSTRIAL SCHOOLS — VALIDITY.—
Within Const., art. 5, § 30, restricting appropriations by a general bill to those for the ordinary expenses of the executive, legislative and judicial departments, and in view of art. 6, § 1, defining the "executive department," an appropriation for the maintenance of industrial schools is not an appropriation for the "ordinary expenses" of the executive department, and is invalid when embraced in the general appropriation bill.

Appeal from Pulaski Chancery Court; *John E. Martineau*, Chancellor; reversed.

*Reid, Burrow & McDonnell* and *Gus Ottenheimer*, for appellants.

1. Act 400, Acts 1919, is unconstitutional and void, and the court erred in sustaining the demurer. Art. 5, § 30, Constitution. The attempted appropriation is a part of and included in the general appropriation bill supposed to cover any ordinary expenses of the executive, legislative and judicial departments of the State, and the attempted appropriation is unconstitutional. The act No. 400, Acts 1919, for the maintenance of an industrial school is not an appropriation for the ordinary expense. of the executive, legislative and judicial departments of the State." The provision of the Constitution is mandatory. 6 R. C. L. 55. See, also, 27 Ark. 266, 281; 33 *Id*. 17; 103 U. S. 580; 12 C. J. 740; 93 Ark. 336. The appropriation here does not fall strictly within the ordinary expense of the three departments and it is violative of the Constitution and void. 1 Ark. 311; 12 *Id*. 101. The executive department is expressly defined in the Constitution. Art. 6, § 1. See, also, art. 4, § 16, Constitution; 110 N. E. 130; 32 Pac. 417; 14 Fla. 283; 40 N. E. 454; 67 *Id*. 28; 83 N. W. 72; 110 N. E. 130; 120 N. W. 116; 119 Ark. 314; 106 Ark. 506.

2. A taxpayer has the right to maintain a suit to enjoin the illegal expenditure of money of the public funds. 66 Ark. 82; 110 N. E. 130; 123 Ark. 253; Constitution, art. 16, § 13; 108 Ark. 306.

*John D. Arbuckle,* Attorney General, and *Silas W. Rogers,* Assistant, for appellee.

1.　We do not as a general rule question a taxpayer's right to maintain a suit to enjoin the illegal expenditure of public funds, but we do question the necessity of invoking such right in this case.

The remedy by injunction is a summary, peculiar, extraordinary remedy, and ought not to be exercised except to prevent great and irreparable injury or mischief.　In this case the great and irreparable mischief will be done when appellants are granted the relief sought.　Failing to start proceedings two years ago when the appropriations were made, they should not be heard now to save a few thousand dollars.　An injunction now would be against good conscience and work injustice.　14 R. C. L. 310, 435.　The mere allegation of irreparable injury is not sufficient unless the facts are stated.　5 A. L. R. 916; 7 *Id.* 7685-6, 756.

2.　The appropriation for a boys' industrial school in the general appropriation bill is sufficient, as the school is part of the executive branch of the government, and the items for improvement, salaries and contingent expenses are classed as the ordinary and necessary expenses of administration.

McCulloch, C. J.　The General Assembly of 1917 made provision for two institutions, designated respectively as the Boys' Industrial School of the State of Arkansas and the Girls' Industrial School of the State of Arkansas, and created a board of management for each of said institutions, the members thereof to be appointed by the Governor.　The appropriations for the maintenance of these institutions at the legislative session of the year 1919 were embraced in the general appropriation bill, and appellants, who are residents of Pulaski County and tax payers, instituted this action in the chancery court of Pulaski County to restrain the State Auditor from drawing warrants on said appropriation and to restrain the State Treasurer from paying said war-

rants. Said appropriation of funds is attacked on the ground that the same was made in violation of the express provision of the Constitution, which reads as follows:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expense of the executive, legislative and judicial departments of the State. All other appropriations shall be made by separate bills, each embracing but one subject." Art. 5, § 30.

The right of appellants to maintain this suit is challenged, but we are of the opinion that as citizens and tax payers of one of the counties of the State they can maintain an action to restrain the Auditor and Treasurer from paying out funds without legal appropriation thereof by the Legislature.

The Constitution (art. 16, § 13) provides that "any citizen of any county, city or town may institute suit in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatever."

This court has construed that provision to mean that a misapplication by a public official of funds arising from taxation constitutes an exaction from the tax payers and empowers any citizen to maintain a suit to prevent such misapplication of funds. *Lee County* v. *Robertson,* 66 Ark. 82; *Grooms* v. *Bartlett,* 123 Ark. 255. The provision quoted above refers, in express terms, to citizens "of any county, city or town," but the exactions from which a remedy is afforded are not those limited to counties or towns, and this provision of the Constitution is broad enough to afford a remedy against Statewide exactions which are illegal. Such is the effect of our decision in *Griffin* v. *Rhoton,* 85 Ark. 89.

There is eminent authority for holding, even in the absence of an express provision of the Constitution, such as that referred to above, that a remedy is afforded in equity to tax payers to prevent misapplication of public funds on the theory that the tax payers are the equitable owners of public funds and that their liability to

replenish the funds exhausted by the misapplication entitle them to relief against such misapplication. *Fergus v. Russell,* 277 Ill. 20, 110 N. E. 130.

Again, it is argued that appellants have waited until the end of the fiscal period is approaching and until the greater portion of the appropriated funds have been paid out by the State Treasurer, and that the attack on the validity of the appropriation is not made in good faith. These are considerations which do not appeal to the courts for the reason that the remedy of injunctive relief is not discretionary, but where available at all it is awarded as a matter of right. If, therefore, it be found that the appropriation is invalid, there is no alternative other than to grant the relief restraining the State officers from paying out the funds. We need not search for the reason upon which the constitutional requirement was based, for the mandate must be obeyed as written.

This brings us to the main question in the case, whether or not the appropriation for the institution referred to can lawfully be embraced in a general appropriation bill. If it can not be so embraced in the general appropiration bill, then it is unlawful, for the provision of the Constitution in this regard is obviously mandatory. The contention of the Attorney General, in defending the validity of the appropriation, is that the Constitution divides the powers of the State government into three distinct departments and that all of the institutions of the State, including the Boys' Industrial School, must be classed as a part of the executive branch of government, and that the appropriation therefor may be included in the general appropriation bill. Section 1, article 4, of the Constitution, reads as follows:

"The powers of the government of the State of Arkansas shall be divided into three distinct departments, each of them to be confined to a separate body of magistracy, towit: Those which are legislative to one, those which are executive to another, and those which are judicial to another."

This provision of the Constitution classifies the powers of government and is in recognition of the principles of constiutional government which are peculiarly American, in that there is a division into three departments, executive, legislative and judicial. The classification of powers is not confined to the State government alone as contra-distinguished from local government, but it constitutes a division of all governmental power in the State. It may be conceded that all governmental activities necessarily fall into one of these classes, and yet it does not follow that all appropriations made by the Legislature in support of the exercise of these enumerated powers can be embraced in the general appropriation bill. If that be the proper interpretation of the Constitution, then section 30, article 5, would have no force or effect at all because all appropriations of funds would fall within the definition, "ordinary expense of the executive, legislative and judicial departments of the State." It is our duty to reconcile, as far as possible, the different provisions of the Constitution, so as to give full effect to each.

The Constitution defines each of the separate departments of State government. Section 1 of article 6 defines the executive department in the following language: "The executive department of this State shall consist of a Governor, Secretary of State, Treasurer of State, Auditor of State, and Attorney General, all of whom shall keep their offices in person at the seat of government * * *." This is the constitutional definition which indicates what is meant in section 30, article 5, by these words, "ordinary expense of the executive, legislative and judicial departments of the State." In the case of *Oliver* v. *Morton,* 36 Ark. 134, it was held that "the executive department of the State is expressly defined by the Constitution, article 6, section 1. It consists of the Governor, Secretary of State, Auditor, Treasurer, and Attorney General. Subordinates in their several departments may be well enough said, also, to be one of them." Section 30, article 5, must be construed as dealing with

appropriations of State funds in providing for the ordinary expenses of the departments of the State government—not referring to the exercise in the broader sense of governmental power, either by State authorities or local authorities. It is, in other words, an appropriation for the departments of State government and must therefore be read in the light of the definition given by the Constitution as to what constitutes those departments. It is easy to see that the maintenance of these institutions of the State is not a part of the expenses of the executive department of the State. The definition is broad enough, as was said in *Oliver* v. *Morton, supra,* to embrace subordinates in the several departments, but by no reasonable stretch of the language can it include charitable institutions created by the Legislature and placed under the management of boards created for that purpose. The control of such institutions is administrative and falls within the executive powers of government, but the control and maintenance is not a part of the expenses of the executive department of State as defined by the Constitution.

The enumerated branches of the executive department are required to maintain offices "in person at the seat of government" and the ordinary expenses of the department are those which pertain to the maintenance of those offices and the exercise of the functions which relate thereto. Even the fact that one or more of these executive officers may have supervision over State institutions would not bring the expense of the maintenance of the institutions within the definition, "ordinary expense of the executive, legislative and judicial departments of the State."

Our conclusion is that the appropriation was not made in the manner expressly required by the Constitution and is invalid. Therefore the chancery court erred in sustaining a demurrer to the complaint. The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.