The Honorable David Choate State Representative 709 N. Main Street Beebe, AR 72012-2821
Dear Representative Choate:
This is in response to your request for an opinion regarding the Governor's Executive Order 98-04 (referred to herein as "Executive Order" or "Order") issued by Proclamation on February 27, 1998, establishing "mandatory guidelines and procedures to be followed by the executive department in areas of employment, grants, contracts and purchasing. . . ." EO-98-04 at 1. You note that the Order defines "state agency" to include "state supported colleges and universities." Id. at 5. Your specific question in this regard is as follows:
 Since the state supported colleges and universities have boards of trustees created by law with the responsibility and authority for the management of the affairs of those institutions, and in light of Amendment 33 to the Arkansas Constitution which places restrictions upon affecting the powers of those boards, please provide your official opinion as to whether the enclosed executive order is binding upon state supported colleges and universities.
It must be noted in addressing this request that the ultimate question regarding the content of the Executive Order turns not so much on its provisions as on the enforceability of the rules and regulations issued by the Arkansas Department of Finance and Administration in connection therewith. See DFA Rules Regulations Implementing Governor'sExecutive Order 98-04 (effective July 1, 1998). Please note in this regard that I will be issuing an opinion in response to a request recently submitted by the Arkansas Legislative Council concerning these Regulations.
I am thus reluctant to engage in a substantive analysis of the Executive Order, given the fact that questions surrounding the Proclamation are largely academic in light of the DFA Regulations. I am also concerned that an opinion on the Executive Order could be misconstrued if not considered together with the Regulations' enforceability. While I am thus unable to conclusively respond to your specific inquiry regarding the Executive Order, I will address the Governor's general authority to issue such Orders, with an eye toward their potential impact upon state-supported colleges and universities.
It must be initially noted in this regard that there is no Arkansas constitutional or statutory provision that grants the Governor the general power to make executive orders. Rather, this power is attendant the otherwise express or implied powers granted the Governor by the constitution or statutes over particular topics. It has been stated, generally, that "[a]n executive order must be within the authority granted to the governor by the constitution or statutory provisions." 81A C.J.S. States § 130(b) (1977). See also Sever v. Com. Dept. ofEnvironmental Resources, 100 Pa. Commnw. 217, 514 A.2d 656 (1986); Rappv. Carey, 404 N.Y.S. 2d 565, 44 N.Y.2d 157, 375 N.E.2d 745 (1978); andOpinion of the Justices, 118 N.H. 6582, 392 A.2d 125 (1978).
Looking then, first, to our constitution, we see that the Governor possesses the "supreme executive power" of the State. Ark. Const. art. 6, § 2. Whether a particular executive order is properly issued under this power depends of course upon the substance of the order, and any relevant legislative mandates. The Governor clearly has no right to legislate (see 81A C.J.S. States, supra), and cannot countermand legislative mandates.Cf. Tennessee Gas Transmission Co. v. State, 232 Ark. 156, 335 S.W.2d 312
(1960) and Matthews v. Bailey, 198 Ark. 703, 130 S.W.2d 1006 (1939). Regarding, however, the application of an executive order to state-supported colleges and universities, it must be noted that this "supreme executive power" under art. 6, § 2 in all likelihood does not generally encompass such institutions. This is not to say that an executive order can never apply to these institutions. It is simply my opinion that the state institutions of higher education do not inherently fall within the Governor's "supreme executive power" under Ark. Const. art. 6, § 2. They were not created under the executive department of state government under either the constitution or statutes. Cf. Farrellv. Oliver, 146 Ark. 599, 226 S.W. 529 (1921) (holding that charitable institutions created by the legislature and placed under the management of boards created for that purpose are not included within the executive department of the state as defined in the constitution). See also Oliverv. Morton, 36 Ark. 134 (1880) (holding that the executive department of the state, as expressly defined by Ark. Const. art. 6, § 1, consists of the Governor, Secretary of State, Auditor, Treasurer, and Attorney General, and subordinates in their several departments); Op. Att'y Gen. 83-080 (concluding that the University of Arkansas is not a "department" of state government). Certainly, as indicated in Farrell, supra, the control and maintenance of these educational institutions falls within "the executive powers of government." 146 Ark. at 605. And the institutions of higher education are considered "state agencies" for some purposes under various statutes. See, e.g., A.C.A. §§ 19-4-1701 (Repl. 1998) (professional and consultant services); and 19-11-220 (Repl. 1998) (regarding state agency purchasing officials); 22-2-102 (definition of "state agency" under Arkansas State Building Services Act). But it does not necessarily follow that the Governor is vested with general executive power over these institutions by virtue of his constitutional power under art. 6, § 2. See also A.C.A. § 25-17-201 and -202 (Repl. 1996) (creating honorary boards of trustees with management and control of, inter alia,
the University of Central Arkansas, Henderson State University, and Arkansas State University); see also A.C.A. §§ 6-64-201 to -203 (University of Arkansas Board of Trustees), and 6-65-301 and -302 (Arkansas Tech University Board of Trustees).
It thus appears that any power of the Governor involving the control of these institutions must derive from some specific constitutional authority other than art. 6, § 2,[1] or from some statutory authority.Cf. Clinton v. Clinton, 305 Ark. 585, 810 S.W.2d 923 (adhering to the view that there is no inherent appointment power in the Governor, but finding that the legislature could empower the Governor to appoint special PSC Commissioners). With regard to Amendment 33, noted in your question, it is my opinion that this constitutional provision does not alone stand as an impediment to the Governor's ability to issue an executive order affecting state supported colleges and universities. The prohibition therein against transferring the boards' powers may, however, be implicated depending upon the exact substance of the particular order in question.[2]
In conclusion, I cannot render a conclusive opinion regarding the Executive Order in light of the regulations that have been promulgated by the DFA in these areas involving state purchasing and public employment. See, e.g., A.C.A. §§ 19-11-217 and 19-11-715 (regarding DFA's general authority in these areas). I have nevertheless undertaken a general analysis of the Governor's power to issue executive orders in an attempt to shed some light on this issue.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The Governor is given the power, for instance, under Amendment 33
to the Constitution of Arkansas to remove any board member for cause and to fill vacancies, subject to approval by a majority of the board. Ark. Const. amend. 33, §§ 4 and 5. Amendment 33 specifies the term of office of, among others, board members of state higher education institutions, restricts the abolition or transfer of powers of such boards, prohibits the increase or decrease of board membership, and outlines the procedure for removing any board member and for filling vacancies.
[2] Section 2 of Amendment 33 states in relevant part that "[t]he board or commission of any institution, governed by this amendment, shall not be abolished nor shall the powers vested in such board or commission betransferred, unless the institution is abolished or consolidated with some other State institution." (Emphasis added.)