ROBIN F. WYNNE, Associate Justice
Appellants Austin Prince, Willie Reinhardt, Mary E. Lowman, Deborah Brown, Kevin Steeland, Phyllis Stinson, Thomas Lowman, and Richard Smith appeal from an order of the Pulaski County Circuit Court granting a motion to dismiss filed by the Arkansas State Highway Commission; the Arkansas Department of Transportation; and Scott E. Bennett, in his official capacity as director of the Arkansas Department of Transportation. We affirm.
The Arkansas State Highway Department determined that a new bridge was needed on Highway 79 to span the White River at Clarendon as part of a realignment and expansion of the highway. Because Highway 79 runs through federal land at that location, the Department was required to obtain an easement from the federal government. To that end, the Department entered into an agreement with the United States Fish and Wildlife Service (USFWS). Under the agreement, the Department would cede fifty acres of property to USFWS in exchange for a 49.69-acre easement over land in the Cache River and White River Wildlife Refuges. The Department also agreed to convey ninety-seven acres of land in Monroe County to USFWS to mitigate for the loss of habitat quantity and quality caused by the realignment and expansion of Highway 79. The agreement further required the Department to demolish three bridges, one of which is the old Clarendon bridge, remove all bridge structures, restore the natural topography, and reestablish native hardwood vegetation. To comply with this provision of the agreement, the Department planned to invite bids and enter into a contract with the winning bidder on the bridge-demolition project, with an estimated cost of $ 10.8 million.
Appellants filed a motion for preliminary injunction and complaint for declaratory and injunctive relief alleging that the contract between the Department and USFWS is void because it is unconscionable, *3 entered into under duress, and constitutes a windfall to USFWS. They also alleged that there exists a mutual mistake of fact regarding the necessity of removing the old Clarendon bridge. Appellants contended in the complaint that, because the contract is void, the monetary expenditures constitute an illegal exaction, for which suit is permitted under article 16, § 13 of the Arkansas Constitution. In the complaint, appellants requested a permanent injunction restricting the Department from demolition activities for the old Clarendon bridge as well as reasonable attorney's fees, costs, and expenses.
Appellees moved to dismiss the complaint on the following grounds: (1) the complaint is barred by sovereign immunity; (2) appellants lack standing to challenge the agreements; (3) the complaint fails to state a claim for which relief may be granted; and (4) appellants failed to join an indispensable party (USFWS). Appellees also contested the motion for a preliminary injunction, contending that it was barred by sovereign immunity and failed to satisfy the requirements of Arkansas Rule of Civil Procedure 65 (2017). The circuit court granted the preliminary injunction with the stated goal of giving the parties time to explore settlement. The parties were unable to settle, and the circuit court entered an order granting the motion to dismiss on all four grounds asserted by appellees. This appeal followed.[1]
Appellants appeal from the grant of a motion to dismiss. In reviewing a trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), we treat the facts alleged in the complaint as true and view them in the light most favorable to the party who filed the complaint. Goforth v. Smith , 338 Ark. 65, 991 S.W.2d 579 (1999). In testing the sufficiency of the complaint on a motion to dismiss, all reasonable inferences must be resolved in favor of the complaint, and pleadings are to be liberally construed. Hames v. Cravens , 332 Ark. 437, 442, 966 S.W.2d 244, 247 (1998). However, our rules require fact pleading. A complaint must state facts, not mere conclusions, in order to entitle the pleader to relief. Brown v. Tucker , 330 Ark. 435, 438, 954 S.W.2d 262, 264 (1997) ; Ark. R. Civ. P. 8(a)(1) (2017).
Appellants' sole claim in their complaint is that the agreement between the Department and USFWS constitutes an illegal exaction. Article 16, § 13 of the Arkansas Constitution provides: "Any citizen of any county, city or town may institute suit, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of any illegal exactions whatsoever." This court has held that such a suit is not barred by the constitution's sovereign-immunity provision, article 5, § 20, because article 16, § 13, as a more specific provision, controls over the more general prohibition in article 5, § 20.[2] McGhee v. Ark. State Bd. of Collection Agencies , 360 Ark. 363, 201 S.W.3d 375 (2005) ; Carson v. Weiss , 333 Ark. 561, 972 S.W.2d 933 (1998) ; Streight v. Ragland , 280 Ark. 206, 209-10 n. 7, 655 S.W.2d 459, 461 n. 7 (1983).
Clearly, citizens are constitutionally permitted to sue the state for an illegal exaction. The question before us in this appeal is whether appellants' complaint states a *4 cause of action for an illegal exaction. We hold that it does not.
An illegal exaction is an exaction that is either not authorized by law or is contrary to law. Stromwall v. Van Hoose, 371 Ark. 267, 265 S.W.3d 93 (2007). Two types of illegal-exaction cases can arise under article 16, section 13 : "public funds" cases, where the plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent, and "illegal-tax" cases, where the plaintiff asserts that the tax itself is illegal. McGhee , 360 Ark. 363, 201 S.W.3d 375 (2005). This court has stated that citizens have standing to bring a "public funds" case because they have a vested interest in ensuring that the tax money they have contributed to a state or local government treasury is lawfully spent. Ghegan & Ghegan, Inc. v. Weiss, 338 Ark. 9, 991 S.W.2d 536 (1999). Accordingly, "a misapplication by a public official of funds arising from taxation constitutes an exaction from the taxpayers and empowers any citizen to maintain a suit to prevent such misapplication of funds." Farrell v. Oliver, 146 Ark. 599, 602, 226 S.W. 529, 530 (1921). When the expenditure is authorized by statute, no illegal exaction occurs. Sullins v. Cent. Ark. Water , 2015 Ark. 29, 454 S.W.3d 727.
A review of appellants' complaint reveals that it lacks sufficient facts to state a claim for an illegal exaction. Appellants do not allege in the complaint that the Department lacks the authority to enter into the agreement with USFWS. In fact, the Department has express statutory authority to "let all contracts for construction, improvement, and maintenance of roads comprising the state highway system." Ark. Code Ann. § 27-65-107(a)(2) (Supp. 2017). It also has the express authority to "enter into all agreements with the United States government relating to the survey, construction, improvement, and maintenance of roads under the provisions of any present or future congressional enactment." Ark. Code Ann. § 27-65-107(a)(3)(A). Appellants also do not allege that the Department failed to follow any applicable statute, rule, or regulation with regard to the agreement.
The complaint does not allege any wrongdoing on the part of the state at all. Instead, it alleges that USFWS took advantage of the Department's highway-expansion project to force unreasonable terms on the state and attempts to assert various contract defenses on the state's behalf. This is not sufficient to establish a claim for an illegal exaction. See Bowerman v. Takeda Pharm. U.S.A. , 2014 Ark. 388, 442 S.W.3d 839 (holding that a claim that the state's treasury was diminished by reimbursements for a prescription medication alleged to have caused serious health problems was not one for illegal exaction where there was no claim that the state lacked authority to make the reimbursement payments and all allegations of wrongdoing were against the pharmaceutical company).[3]
As appellants do not plead facts sufficient to establish that the Department engaged *5 in a misapplication or illegal expenditure of public funds, their claim is not one for an illegal exaction, and the circuit court did not err in dismissing the complaint. As we have held that the circuit court was correct in finding that the complaint fails to state facts upon which relief could be granted, we decline to consider appellants' remaining points on appeal.
Affirmed.
Special Justice Meredith Switzer joins.
Baker, J., concurs.
Hart, J., dissents.
Goodson, J., not participating.

Upon motion by appellants, this court stayed demolition of the old Clarendon bridge pending resolution of this appeal.

We further note that the decision in Board of Trustees of University of Arkansas v. Andrews , 2018 Ark. 12, 535 S.W.3d 616, has no bearing whatsoever on the right to sue provided to citizens in article 16, § 13, as Andrews dealt solely with the issue of whether the legislature was permitted to waive the state's constitutional immunity through statute.

In Nelson v. Berry Petroleum Co. , 242 Ark. 273, 413 S.W.2d 46 (1967), this court held that the chancery court had jurisdiction to entertain an illegal-exaction suit in which the plaintiff contended that a consortium of asphalt providers had conspired to charge the state amounts in excess of the fair-market value for asphalt, giving the state a lower grade than that contracted. In Bowerman , the court distinguished Nelson on the basis that, in Bowerman , the state provided reimbursement for the exact medication prescribed. 2014 Ark. 388, at 6, 442 S.W.3d 839, 843. Here, as in Bowerman , there is no allegation in the complaint that the state has not received what is due to it under the agreement with USFWS.