Cite as 2025 Ark. 203

# SUPREME COURT OF ARKANSAS
**No.** CV-24-803

| | |
|---|---|
| | **Opinion Delivered:** December 11, 2025 |
| ARKANSAS DEPARTMENT OF EDUCATION; JACOB OLIVA, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE ARKANSAS DEPARTMENT OF EDUCATION; DR. SARAH MOORE, IN HER OFFICIAL CAPACITY AS CHAIRWOMAN OF THE ARKANSAS STATE BOARD OF EDUCATION; KATHY MCFETRIDGE-ROLLINS, IN HER OFFICIAL CAPACITY AS VICE-CHAIR OF THE ARKANSAS STATE BOARD OF EDUCATION; LISA HUNTER, JEFF WOOD, RANDY HENDERSON, ADRIENNE WOODS, KEN BRAGG, AND LEIGH S. KEENER, IN THEIR RESPECTIVE OFFICIAL CAPACITIES AS MEMBERS OF THE ARKANSAS STATE BOARD OF EDUCATION; THE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION; AND JIM HUDSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF FINANCE AND ADMINISTRATION | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION [NO. 60CV-24-3911]<br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br><u>APPEAL DISMISSED</u>. |
| APPELLANTS | |
| V. | |
| GWEN FAULKENBERRY; SPECIAL RENEE SANDERS; ANIKA WHITFIELD; AND KIMBERLY CRUTCHFIELD | |
| APPELLEES | |

**SHAWN A. WOMACK, Associate Justice**

The Arkansas Department of Education and twelve other state actors (collectively, the State) appeal the circuit court's denial of their motion to dismiss a lawsuit filed by Gwen Faulkenberry, Special Sanders, Anika Whitfield, and Kimberly Crutchfield (collectively, Faulkenberry), which challenged the constitutionality of the LEARNS Act's Educational Freedom Account (EFA) program. The State argues that sovereign immunity bars the underlying lawsuit and asks this court to reverse and dismiss. Faulkenberry's claims, however, are either expressly or implicitly illegal-exaction claims. Because sovereign immunity does not apply to illegal-exaction claims against the State, there is no right to an interlocutory appeal under Arkansas Rule of Appellate Procedure –Civil 2(a)(10), and we dismiss the appeal.

## I. *Background*

On June 7, 2024, Gwen Faulkenberry filed a lawsuit against thirteen state agencies and actors in their official capacities. Faulkenberry sought a declaratory judgment that the EFA program was unconstitutional under articles 14 and 16 of the Arkansas Constitution, an injunction to stop the State from further implementing the voucher program and, via an explicit claim for an illegal-exaction under article 16, section 13 of the Arkansas Constitution, an order that "[t]he recipients of [EFA] expenditures . . . reimburse the State of Arkansas for any amounts received by them[.]"

Faulkenberry's 90-paragraph complaint included claims that (1) the EFA program violates article 14, sections 1, 2, and 3 of the Arkansas Constitution by unlawfully diverting public school funding—i.e., tax revenue—to private schools, (2) the EFA program violates

article 16, section 11 by allowing the State to retain local revenue raised via amendment 74, and (3) a general illegal-exaction claim that the EFA program's violations of these constitutional provision have led to the unauthorized and unconstitutional spending of public funds. The State moved to dismiss the case, arguing that Faulkenberry's claims "fail[] to satisfy Arkansas's fact-pleading requirements, and therefore cannot surmount Defendants' sovereign immunity." The circuit court denied the State's motion to dismiss.

While most of the complaint can be categorized as theories, arguments, statutory interpretation, or conclusions, the circuit court found that that paragraph 30 of the complaint, specifically, and "other facts[,]" generally, are "statement[s] of fact" and "not conclusory nor . . . merely theories or statutory interpretation." Paragraph 30 of Faulkenberry's complaint reads:

> Under section 42 of the LEARNS ACT, a program is established entitled the "Arkansas Children's Education Freedom Account Program[,]" otherwise known as the "Voucher Program. Under the Voucher Program, public school funds derived from public taxes assessed and collected under the laws of Arkansas for the public schools may be deposited into an account (a "Freedom Account") established by the State of Arkansas for or on behalf of an "eligible student (*i.e.*, a resident of the State of Arkansas who is eligible to enroll in a public elementary or secondary school), and is used by the State to purchase tuition, uniforms and other goods and services for such "eligible students" directly from private schools, for home schooling, and from other private service providers. Freedom Account funds are never paid to students or their parents.

Regarding Faulkenberry's express illegal-exaction claim, the circuit court found that the complaint was "pleaded sufficiently properly to avoid dismissal for Sovereign Immunity" and denied the State's motion to dismiss. The State now appeals the denial of its motion to dismiss under Arkansas Rule of Appellate Procedure –Civ. 2(a)(10), which allows interlocutory appeals of "[a]n order denying a motion to dismiss or for summary judgment

3

based on the defense of sovereign immunity or the immunity of a government official[.]" Because this case concerns the interpretation of the Arkansas Constitution, jurisdiction is proper in this court, as opposed to the court of appeals.[1]

## II. *Discussion*

On appeal, the State asks this court to reverse the circuit court's denial of its motion to dismiss because sovereign immunity bars Faulkenberry's claims. Consequently, the State also asks us to dismiss the underlying complaint. When reviewing the denial of a motion to dismiss for sovereign immunity, we treat the facts alleged in the complaint—but not the plaintiff's theories, speculation, or statutory interpretation—as true and view them in the light most favorable to the plaintiff.[2] In doing so, the court "look[s] only to the allegations in the complaint and not to matters outside the complaint."[3] Whether a party is immune from suit, however, is purely a question of law that we review de novo.[4]

Faulkenberry's lawsuit is styled as "an action for injunctive and declaratory relief brought by citizens, taxpayers[,] and residents of the State of Arkansas pursuant to the Arkansas Declaratory Judgment Act, Arkansas Code Annotated §§ 16-11-102[.]" Faulkenberry contends that the EFA program violates article 14, sections 1, 2, and 3 the Arkansas Constitution, which generally establishes a funding and spending regime for public education. Faulkenberry also claims that the EFA program violates article 16, section 11 of

---

[1] Ark. Sup. Ct. R. 1–2(b)(1).

[2] *Brizendine v. Dep't of Hum. Servs.*, 2025 Ark. 34, at 3, 708 S.W.3d 351, 353.

[3] *Id.*

[4] *Id.*

4

the Arkansas Constitution, which provides that "[n]o tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for any purpose shall be used for any other purpose." Count V of Faulkenberry's complaint, however, explicitly brings a separate illegal-exaction claim under article 16, section 13 of the Arkansas Constitution.

For all intents and purposes, the entirety of Faulkenberry's lawsuit is an illegal-exaction claim because she alleges that the State is unconstitutionally spending taxpayer dollars to fund the EFA program. But instead of bringing only an illegal-exaction claim, she also invoked the Arkansas Declaratory Judgment Act as a separate cause of action. Had Faulkenberry unambiguously pursued only an illegal-exaction claim, there would be no argument that sovereign immunity is implicated by any portion of the complaint.[5] Nevertheless, even with the alternate cause of action under the Declaratory Judgment Act, claims that are essentially illegal-exaction claims should be treated as illegal-exaction claims, even when they are styled as something else.[6] Here, the substance of Faulkenberry's claims is that the State is unconstitutionally spending money to fund the EFA program.[7] Simply

---

[5]*Rutledge v. Remmel*, 2022 Ark. 86, at 8–9, 643 S.W.3d 5, 10.

[6]*Gates v. Walther*, 2023 Ark. 74, at 7–8, 665 S.W.3d 217, 221 (Womack, J., concurring).

[7]*See Nelson v. Berry Petroleum, Co.*, 242 Ark. 273, 277, 413 S.W.2d 46, 49 (1967) ("Illegal Exaction means far more than the mere collection of unlawfully levied taxes. With little limitation, almost any misuse or mishandling of public funds may be challenged by a taxpayer action.").

put, when a "plaintiff contends that public funds generated from tax dollars are being misapplied or illegally spent[,]" the plaintiff has brought an illegal-exaction claim.[8]

Because article 16, section 13 is self-executing and imposes no terms or conditions upon the right of the citizens to bring the action, it would be improper to put form over substance and conclude that all of Faulkenberry's claims are not collectively illegal-exaction claims, simply because she has styled a portion of them as a declaratory judgment.[9] Faulkenberry seeks a declaration that the EFA program is unconstitutionally funded, an injunction prohibiting the future funding of the EFA program, and a refund of all unconstitutionally expended funds to the State's coffers—all of which are available forms of relief for illegal-exactions claims.[10] For these reasons, the underlying lawsuit is treated, in its entirety, as an illegal-exaction claim, and sovereign immunity does not bar Faulkenberry's lawsuit against the State.

Finally, although the State asks this court to revisit its interpretation of article 16, section 13 and hold that the "county, city or town" language limits illegal-exaction claims to only counties, cities, and towns, the State's reading gives short shrift to article 16, section 13's language giving Arkansans the right to protect themselves "against the enforcement of *any illegal exactions whatever*."[11] According to the State, "any illegal exactions whatever"

---

[8]*Id.* at 8, 665 S.W.3d at 221 (Womack, J., concurring).

[9]*Samples v. Grady*, 207 Ark. 724, 729, 182 S.W.2d 875, 878 (1944).

[10]*See Parsons v. Preferred Fam. Healthcare, Inc.*, 2023 Ark. 56, at 8, 662 S.W.3d 654, 660.

[11]Ark. Const. art. 13, § 16 (emphasis added).

must be read in light of "[a]ny citizen of any county, city or town" and thereby limit the illegal-exaction claims to only cities and counties. But as we have explained for more than 80 years, the county, city, and town language qualifies who may file an illegal-exaction claim; it does not limit what public entity (or private entity taking misspent public monies) can be sued.[12] Simply put, article 16, section 13's broad right for Arkansans to "institute suit, in behalf of himself and all others interested, to protect the inhabitants thereof against the enforcement of *any illegal exactions whatever*" covers illegal-exaction claims against the State.[13]

Because sovereign immunity does not apply to these claims, the denial of the State's motion to dismiss is not appealable on an interlocutory basis.[14] Interlocutory appeals of denials of motions to dismiss are only available when sovereign immunity applies or could apply.[15] But as this court has explained, sovereign immunity provides no defense for illegal-exaction claims.[16] Therefore, we dismiss the appeal.

---

[12]*Farrell v. Oliver*, 146 Ark. 599, 226 S.W. 529, 530 (1921) (holding that "the exactions from which a remedy is afforded are not those limited to counties or towns, and this provision of the Constitution is broad enough to afford a remedy against state-wide exactions which are illegal").

[13]Ark. Const. art. 16, § 13 (emphasis added); *Farrell*, 146 Ark. 599, 226 S.W.at 530.

[14]Ark. R. App. P. –Civ. 2(a)(10).

[15]*Remmel*, 2022 Ark. 86, at 8–9, 643 S.W.3d at 10.

[16]*Id.*

III.    *Conclusion*

Because Faulkenberry's claims against the State are illegal-exaction claims, sovereign immunity does not apply, and the State may not bring an interlocutory appeal of the circuit court's denial of its motion to dismiss. We therefore dismiss the appeal.

Appeal dismissed.

Special Justice BUD CUMMINS join.

WOOD, HILAND, and BRONNI, JJ., not participating.

**KAREN R. BAKER, Chief Justice, dissenting.** I would reverse and dismiss for the reasons stated in my dissent in *Board of Trustees of the University of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616. In *Prince v. Arkansas State Highway Commission*, 2019 Ark. 199, 576 S.W.3d 1, the majority stated that *Andrews* has no bearing on a citizen's right to bring an illegal-exaction claim. However, as I explained in my concurring opinion in *Prince*, this is not supported by *Andrews* and its progeny. *Id.* at 7, 576 S.W.3d at 5 (Baker, J., concurring). Here too, the majority states that "the underlying lawsuit is treated, in its entirety, as an illegal-exaction claim, and sovereign immunity does not bar Faulkenberry's lawsuit against the State." However, as I have previously explained, this position conflicts with the broad language employed by *Andrews*. In *Andrews*, the majority explained, "We interpret the constitutional provision, 'The State of Arkansas shall never be made a defendant in any of her courts,' precisely as it reads." 2018 Ark. 12, at 10, 535 S.W.3d at 622. As stated in my dissent in *Andrews*, the manner in which the majority interpreted article 5, section 20 conflicted with various other constitutional provisions. *Id.* at 15–16, 535 S.W.3d at 624–25 (Baker, J., dissenting). Again, I specifically included "illegal-exaction cases" in my bulleted

listed as one of the "specific types of actions that the majority's decision calls into question when the suit is filed against the State of Arkansas." *Id*. at 18, 535 S.W.3d at 626–27 (Baker, J., dissenting).

In the present case, appellees claim that appellants illegally diverted tax revenues from their intended purpose to fund the EFA Program. Therefore, the claims asserted by the appellees seek to control or review State action. Because State conduct is at issue, *Andrews* bars suit. *Ark. Dep't of Fin. & Admin. v. Carpenter Farms Med. Grp., LLC*, 2020 Ark. 213, 217, 601 S.W.3d 111, 122 (Baker, J., concurring in part and dissenting in part). As I explained in my dissent in *Arkansas Oil & Gas Comm'n v. Hurd*, *Andrews* did not identify exceptions, exemptions, or the like. Again, the State may never be sued. 2018 Ark. 397, at 18, 564 S.W.3d at 258 (Baker, J., dissenting).

Accordingly, I would reverse and dismiss based on sovereign immunity.

Special Justices BARBARA HALSEY and CORY COX join.

*Tim Griffin*, Att'y Gen., by: *Asher Steinberg* and *Jordan Broyles*, Sr. Ass't Att'ys Gen., for appellants.

*Richard Mays Law Firm PLLC*, by: *Richard H. Mays*, for appellees.