Cite as 2026 Ark. 76

# SUPREME COURT OF ARKANSAS
No. CV–25–319

| | |
|---|---|
| GARLAND COUNTY DISTRICT COURT; PROFESSIONAL PROBATION SERVICES, LLC; SOUTHWEST PROBATION SERVICES, INC.; DESIREE SKEYA; AND BRADY HARMON<br>APPELLANTS | **Opinion Delivered:** April 23, 2026<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26CV-20-656]<br><br>HONORABLE DAVID R. GOODSON, JUDGE |
| V. | |
| JOHN MERCER ET AL.<br>APPELLEE | AFFIRMED IN PART; REVERSED IN PART; REMANDED. |

**SHAWN A. WOMACK, Associate Justice**

The narrow issue in this interlocutory appeal is whether the Garland County District Court is entitled to sovereign immunity. John Mercer filed this suit after the district court placed him on "probation" and required monthly "probation fees" following two DWI convictions—sanctions he alleges Arkansas law does not permit. On that basis, he asserts an illegal-exaction claim under article 16, section 13 of the Arkansas Constitution, a federal due-process claim, and a state due-process claim under the Arkansas Civil Rights Act.

The district court moved to dismiss on sovereign-immunity grounds. The circuit court denied that motion in its entirety, and this interlocutory appeal followed. We affirm the denial of dismissal as to the illegal-exaction and federal claims. We reverse and dismiss the Arkansas Civil Rights Act claim.

I. *Facts and Procedural Background*

John Mercer was charged with two DWI offenses in Garland County on March 13, 2017, and April 10, 2017, under the Omnibus DWI Act. On September 26, 2018, he pled no contest to both charges in the Garland County District Court.[1] The district court imposed fines and costs and required alcohol-education programming. The sentencing orders also placed Mercer on at least six months of probation, required him to pay a $25 monthly probation fee, and subjected him to conditions including random drug and alcohol testing. The record reflects that Mercer made probation-fee payments on November 15, 2018; March 7, 2019; July 26, 2019; August 30, 2019; and October 18, 2019.

On May 26, 2020, Mercer filed suit in circuit court on behalf of himself and other similarly situated individuals against the Garland County District Court. He alleges that the probation and associated fees imposed in his DWI cases were not authorized by law and therefore constituted an illegal exaction. Specifically, he claims that the circuit court sentenced him to probation as punishment and forced him to pay a related monthly fee for the same in violation of Arkansas Code Annotated sections 5-4-301(a)(1)(D) and 5-4-322(b)(1).

He also asserts federal and state due-process claims. Mercer alleges under the Arkansas Civil Rights Act that the district court, acting under color of state law, deprived him of property without legal authority by imposing and collecting probation fees not permitted in DWI cases. Likewise, he raises a parallel federal due-process claim, asserting that the imposition of probation conditions and fees beyond what Arkansas law allows

---

[1]Case no. HTS–17–1827 and HTS–17–2621.

2

deprived him of property—and threatened his liberty through enforcement of those conditions—without due process of law.

Mercer seeks declaratory and injunctive relief and repayment of probation fees he contends were collected without legal authority.

Mercer filed amended complaints in June and August 2020. On September 16, 2020, the district court moved to dismiss the second amended complaint, asserting sovereign immunity under article 5, section 20 of the Arkansas Constitution. After a hearing, the circuit court denied the motion on March 7, 2022. The district court then sought entry of a final order addressing sovereign immunity to permit an interlocutory appeal. Following another hearing, Mercer filed a third amended complaint on April 21, 2023. The district court again moved to dismiss on sovereign-immunity grounds.

On March 11, 2025, the circuit court denied the motion to dismiss and expressly rejected the sovereign-immunity defense. The district court filed a timely notice of interlocutory appeal on March 25, 2025. This appeal is properly before us under Arkansas Rule of Appellate Procedure–Civil 2(a)(10), which authorizes interlocutory review of an order denying a motion to dismiss based on sovereign immunity.

## II. *Standard of Review*

The denial of a motion to dismiss based on sovereign immunity is immediately appealable.[2] Whether sovereign immunity applies is a jurisdictional question reviewed de

---

[2]Ark. R. App. P. Civ. 2(a)(10).

3

novo.[3]  In reviewing the denial of a motion to dismiss on sovereign-immunity grounds, we look only to the allegations in the complaint, treat those allegations as true, and view them in the light most favorable to the plaintiff.[4]  We do not resolve factual disputes, weigh evidence, or assess the ultimate merits of the claims.[5]

## I. *Discussion*

### A. Mercer's Illegal-Exaction Claim May Proceed

At this stage, Mercer's illegal-exaction claim survives sovereign immunity.  Article 5, section 20 provides that "[t]he State of Arkansas shall never be made defendant in any of her courts."[6]  We do not read constitutional provisions in isolation.  We read the Constitution as a harmonious whole.  When the Constitution itself otherwise authorizes suit, article 5, section 20 yields to that authorization.  Article 16, section 13 is such a provision.  It provides, "[a]ny citizen . . . may initiate suit . . . against the enforcement of *any illegal exactions whatever.*"[7]  This is a direct constitutional authorization adopted by the people.  Thus, when a plaintiff properly pleads an illegal-exaction claim, sovereign immunity does not apply.[8]

---

[3]Ark. Dep't of Fin. & Admin. v. 2600 Holdings, LLC, 2022 Ark. 140, at 3, 646 S.W.3d 99, 102.

[4]*Ark. State Plant Bd. v. McCarty*, 2019 Ark. 214, at 5, 576 S.W.3d 473, 476.

[5]*Hutchinson v. McArty*, 2020 Ark. 190, at 5, 600 S.W.3d 549, 552.

[6]Ark. Const., art. 5, section 20.

[7]Ark. Const. art. 16, § 13 (emphasis added).

[8]*See Carson v. Weiss*, 333 Ark. 561, 565, 972 S.W.2d 933, 935 (1998).

4

The question at this stage is therefore not whether Mercer will ultimately prevail, but whether his claim falls within that constitutional authorization. We ask only whether Mercer has alleged that a governmental entity imposed and collected money without legal authority.[9] He has.

Here, the parties' dispute centers on how several statutes governing DWI sentencing interact. Arkansas Code Annotated section 5-4-301(a)(1)(D) states that a court shall not place a defendant on probation for DWI.[10] Section 5-4-322(b)(1) likewise states that the general probation and fee provisions do not apply when the defendant is charged under the Omnibus DWI Act.[11] At the same time, section 5-65-108(b) permits a narrower form of supervision. It allows a court to utilize "probationary supervision" solely to monitor compliance with its lawful sentencing orders and to require a "reasonable fee" for that limited purpose.[12]

---

[9]State courts consist of district courts, circuit courts, courts of appeal, and the Supreme Court. Ark. Const. amend. 80, §§ 2, 5, 6, and 7.

[10]"A court shall not suspend imposition of sentence as to a term of imprisonment or place a defendant on probation for . . . (D) Driving while intoxicated, § 5-65-101 et seq." Ark. Code Ann. § 5-4-301(a)(1)(D).

[11]"This section regarding probation and probation fees does not apply when the defendant is charged with violating the Omnibus DWI or BWI Act, § 5-65-101 et seq. (2) When the defendant is charged with violating the Omnibus DWI or BWI Act, § 5-65-101 et seq., the district court may require the defendant to pay a public service work supervisory fee . . . if the district court orders public service in lieu of jail under § 5-65-111." Ark. Code Ann. § 5-4-322(b)(1).

[12]"Notwithstanding the provisions of § 5-4-301 [and] § 5-4-322 . . . a circuit court judge or district court judge may: (1) Utilize probationary supervision . . . solely for the purpose of monitoring compliance with his or her orders; and (2) Require an offender to pay a reasonable fee in an amount to be established by the court." Ark. Code Ann. § 5-65-108(b).

At least one Arkansas appellate court has explained the distinction between these statutes. In *Conic v. State*, 2023 Ark. App. 145, the court reaffirmed that the sentencing provisions of the criminal code "unambiguously prohibit probation for DWI offenders" and that probation as punishment is not among the available sentencing options.[13] But *Conic* also acknowledged that section 5-65-108 allows limited supervision to ensure compliance with lawful DWI penalties. The court noted the two forms of supervision are not the same. One is probation as punishment; the other is supervision solely to enforce compliance with sentencing orders. The latter is lawful. The former is unlawful.

Accepting Mercer's allegations as true, he was subjected to conditions such as reporting requirements, random drug testing, and the threat of revocation—conditions that extend beyond monitoring payment of fines or completion of required programs. If proven, those allegations could place the supervision imposed on him in the category of probation-as-punishment rather than the limited compliance monitoring permitted by section 5-65-108. If that is so, the associated fee would be unlawful.

However, determining whether the supervision imposed here was lawful compliance monitoring or unlawful punishment and, relatedly—whether the fee was lawfully imposed—requires factual development and statutory application to a developed record. This is precisely why dismissal is inappropriate. On interlocutory review, we cannot resolve that dispute.

It is enough that Mercer alleges a compulsory governmental charge imposed without legal authority. If the probation fee was imposed in connection with supervision not

---

[13]*Conic v. State*, 2023 Ark. App. 145, at 6–8, 662 S.W.3d at 711–12.

permitted by statute, it would constitute an illegal exaction. That allegation falls squarely within article 16, section 13.[14] The circuit court therefore correctly denied dismissal of the illegal-exaction claim on sovereign-immunity grounds.

## B. Mercer's Additional Claims

Mercer also asserts state and federal due process claims. Under the Arkansas Civil Rights Act (ACRA), he alleges that the district court, acting under color of state law, deprived him of property without legal authority by imposing and collecting probation fees not permitted in DWI cases. He raises a parallel federal due-process claim, asserting that the imposition of probation conditions and fees beyond what Arkansas law allows deprived him of property—and threatened his liberty through enforcement of those conditions—without due process of law.

Mercer's federal claim may proceed. As a general rule, states retain sovereign immunity from private suits unless the state consents or Congress validly abrogates that immunity.[15] That immunity applies in both federal and state courts.[16] But sovereign

---

[14]The district court argues that sovereign immunity applies because the probation charge at issue is a "fee," not a "tax." That argument misapprehends the scope of article 16, section 13. Indeed, the illegal-exaction clause is not confined to charges formally denominated as taxes. Rather, it reaches any compulsory governmental exaction alleged to be unauthorized by law, regardless of label. "A government-imposed exaction, regardless of its name, is illegal if it violates our constitution, a statute, or other law." *City of Fort Smith v. Merriott*, 2023 Ark. 51, at 7, 660 S.W.3d 809, 814 (Womack, J., concurring); *see also Prince v. Ark. State Highway Comm'n*, 2019 Ark. 199, at 5, 576 S.W.3d 1, 4 ("An illegal exaction is defined as an exaction that either is not authorized by law or is contrary to law."); *Robinson v. Villines*, 2009 Ark. 632, at 6, 362 S.W.3d at 874 ("[W]e have held that the definition of an illegal exaction is any exaction that is not authorized by or is contrary to law.").

[15]*Alden v. Maine*, 527 U.S. 706, 712-13 (1999).

[16]Id.

7

immunity does not permit a state to use its own law to categorically foreclose federal causes of action in its courts.[17]

The Supremacy Clause imposes an independent constraint. State courts of general jurisdiction must entertain federal claims on the same terms as analogous state claims and may not structure their law to undermine federal rights.[18] A state may not "nullify a federal right or cause of action" by recasting a policy choice as a jurisdictional bar, nor may it invoke its own constitution as a "trump" to close its courts to federal claims.[19]

That principle controls here. Arkansas permits certain suits against the State when the Arkansas Constitution authorizes them. Article 5, section 20 thus operates as a selective regime—not an absolute one. If it is applied to categorically bar federal claims while permitting analogous state claims, it creates the same constitutionally impermissible asymmetry identified in *Haywood*: state-created rights may be enforced against the State, but federal rights may not. The Supremacy Clause does not allow that result.

None of this resolves the ultimate viability of Mercer's federal claim. Federal law may limit whether the claim lies against the State or must proceed against a different defendant. But those are merits questions—about the proper cause of action and the proper defendant—not threshold questions of sovereign immunity under article 5, section 20.

---

[17] *See, e.g.*, *Haywood v. Drown*, 556 U.S. 729, 739–40 (2009); *see also Land v. BAS*, 2025 Ark. 107, at 21–22, 713 S.W.3d at 15 (Womack, J., dissenting).

[18] Id.

[19] Id.

This interlocutory appeal presents only the narrow question whether article 5, section 20 independently bars Mercer's federal due-process claim. It does not. The circuit court therefore correctly declined to dismiss that claim on sovereign-immunity grounds.

Mercer's remaining state-law claim stands on different footing. Unlike illegal-exaction claims, Arkansas Civil Rights Act claims are not expressly authorized by the Arkansas Constitution as suits against the State. Absent a constitutional provision permitting suit, article 5, section 20 controls. Mercer identifies no constitutional provision authorizing ACRA claims against the State here.[20] Accordingly, this claim must be dismissed.

## V. *Conclusion*

Mercer has alleged facts that, if proven, could establish an unauthorized governmental exaction. At the pleading stage, that is sufficient to avoid dismissal on sovereign-immunity grounds. His federal due-process claim likewise survives because state sovereign immunity cannot categorically bar federal causes of action in courts of general jurisdiction. His Arkansas Civil Rights Act claim, however, falls outside any constitutional authorization for suit and is therefore barred.

The circuit court's order is affirmed in part and reversed in part. We affirm the denial of dismissal as to the illegal-exaction and federal claims. We reverse and dismiss the Arkansas

---

[20]The General Assembly has authorized certain civil-rights suits against political subdivisions and state employees in limited circumstances. *See, e.g.,* Ark. Code Ann. § 21-9-301 (permitting suits against political subdivisions); Ark. Code Ann. § 19-10-305(a) (providing immunity for state employees but allowing actions for malicious acts or omissions). It has not, however, waived the State's sovereign immunity for Arkansas Civil Rights Act claims against the State.

Civil Rights Act claim. The case is remanded for further proceedings consistent with this opinion.

BAKER, C.J., and HUDSON, J., concur in part and dissent in part.

WOOD, HILAND, and BRONNI, JJ., dissent.


**KAREN R. BAKER, Chief Justice, concurring in part and dissenting in part.** I agree with the majority that Mercer's federal due-process claim is not barred by sovereign immunity, because article 5, section 20 of the Arkansas Constitution cannot serve as a bar to federal claims. *See Land v. BAS, LLC*, 2025 Ark. 107, at 16, 713 S.W.3d 1, 12 (Baker, C.J., concurring and dissenting).

With respect to Mercer's state claims, I would reverse the circuit court's denial of the Garland County District Court's motion to dismiss on sovereign-immunity grounds for the reasons stated in my dissent in *Board of Trustees of the University of Arkansas v. Andrews*, 2018 Ark. 12, at 13, 535 S.W.3d 616, 624, and my concurrence in *Prince v. Arkansas State Highway Comm'n*, 2019 Ark. 199, at 7, 576 S.W.3d 1, 5.

Accordingly, I concur in part and dissent in part.

**COURTNEY RAE HUDSON, Justice, concurring in part and dissenting in part.** I agree with the lead opinion that the illegal-exaction claim is not barred by sovereign immunity.[1] Further, I concur that the federal due-process claim may proceed, but I write

---

[1] I would broaden the scope of relief available under article 16, section 13 of the Arkansas Constitution. Previously, we have required that, to bring an illegal-exaction claim based on an "illegal tax," the exaction at issue must be a tax and not a fee. *Morningstar v. Bush*, 2011 Ark. 350, 383 S.W.3d 840.

separately to explain my reasoning. As explained below, both the federal and the state due-process claims may proceed under this court's precedent.

We have long recognized that a claim of an illegal, unconstitutional, or ultra vires action by a state official, in which a plaintiff is seeking declaratory or injunctive relief, is not barred by sovereign immunity. *E.g.*, *Ark. Dep't of Env't Quality v. Oil Producers of Ark.*, 2009 Ark. 297, at 6, 318 S.W.3d 570, 573 (stating that this court has long recognized that a state agency may be enjoined if it can be shown that the agency's pending action is ultra vires or outside the authority of the agency and collecting cases); *Travelers Cas. & Sur. Co. of Am. v. Ark. State Highway Comm'n*, 353 Ark. 721, 120 S.W.3d 50 (2003) (recognizing an exception to sovereign immunity when a state agency's action is illegal).

This recognized exemption from sovereign immunity is alive and well following this court's ruling in *Board of Trustees of the University of Arkansas v. Andrews*, 2018 Ark. 12, 535 S.W.3d 616, in which we held that the General Assembly cannot waive the State's sovereign immunity. *See Martin v. Haas*, 2018 Ark. 283, at 8, 556 S.W.3d 509, 515 ("Because appellee has asserted that Act 633 violates qualified voters' constitutional right to vote and seeks declaratory and injunctive relief, not money damages, this action is not subject to the asserted sovereign-immunity defense."). Here, Mercer's claim under the Arkansas Civil Rights Act alleges that the District Court, acting under color of state law, deprived him of property without legal authority by imposing and collecting probation fees not permitted in DWI cases. He has pled sufficient facts to surmount the District Court's assertion of sovereign immunity. Accordingly, I would hold that Mercer has adequately pled a claim of illegal state

action such that sovereign immunity does not bar his state due-process claim, and I dissent from the holding to the contrary.

Turning to Mercer's remaining claim, I concur with the majority's holding that the federal due-process claim may proceed. In *Haywood v. Drown*, 556 U.S. 729 (2009), the United States Supreme Court addressed whether a New York statute that divested its trial courts of jurisdiction over § 1983 suits seeking money damages from correction officers was consistent with the Supremacy Clause of the United States Constitution. The Court held that, "having made the decision to create courts of general jurisdiction that regularly sit to entertain analogous suits, New York is not at liberty to shut the courthouse door to federal claims that it considers at odds with its local policy." *Haywood*, 556 U.S. at 740. Thus, the *Haywood* Court's decision leaves open the prospect that a neutral state law—that is, one that applies equally to federal and state claims—might not violate the Supremacy Clause.

This understanding of *Haywood*'s scope is consistent with other United States Supreme Court precedent. In *Alden v. Maine*, 527 U.S. 706 (1999), the Supreme Court held that the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting states to private suits for damages in state courts. The *Alden* Court affirmed the dismissal of a suit alleging that the State of Maine had violated the overtime provisions of the Fair Labor Standards Act of 1938 (FLSA), deciding that Maine had not consented to suits for overtime pay and liquidated damages under the FLSA.

Accordingly, whether our state sovereign immunity bars a federal claim brought in state court must be decided according to the particular claim asserted. Here, the federal due-

process claim is on equal footing with the state due-process claim. Mercer has pled an illegal action by the District Court that, if proven, would constitute a violation of the federal Due Process Clause. Applying our sovereign-immunity precedent, there is no bar to this federal claim under article 5, section 20 of the Arkansas Constitution because, like the parallel state claim, Mercer pleaded a claim of illegal state action sufficient to surmount sovereign immunity.

Based on the above, sovereign immunity does not bar the state or federal due-process claims in the present case. Accordingly, I would affirm the circuit court's order in its entirety.

**NICHOLAS J. BRONNI, Justice, dissenting.** I would reverse the circuit court's order and instruct that court to dismiss all claims against the Garland County District Court. Mercer pled no contest to two charges of driving while intoxicated, and he was sentenced to probation and required to pay a penalty. He did not challenge that sentence on direct appeal. Instead, he filed this lawsuit claiming the penalty constitutes an illegal exaction in violation of article 16, section 13 of the Arkansas Constitution.

But this case isn't about an illegal exaction. Mercer does not challenge a tax or claim that public funds were unlawfully spent. *See Watson v. City of Blytheville*, 2020 Ark. 51, 7, 593 S.W.3d 18, 22 (2020) (explaining that the illegal-exaction provision grants taxpayers standing to pursue claims that a tax is unlawful or that tax dollars are being unlawfully spent). He challenges the punishment he received for a crime. Indeed, Mercer's complaint concedes the point, acknowledging that the penalty he seeks to invalidate was imposed as part of his punishment for driving while intoxicated. Thus, in contrast to our previous

13

illegal-exaction cases, Mercer doesn't simply seek to recover money, but to invalidate a criminal sentence. *See Worth v. City of Rogers*, 351 Ark. 183, 192, 89 S.W.3d 875, 881 (2002) ("What is sought in an illegal-exaction case is return of taxes wrongfully collected."). And nothing in article 16, section 13's language suggests that provision confers standing to challenge criminal sentences. So his claim fails as a matter of law, and I'd dismiss it.[1]

I respectfully dissent.

*Jenna Adams*, for appellant Garland County District Court.

*Chris W. Burks*; and *Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellee.

---

[1]Because it's not properly before us, I don't reach—or express any view as to—the merits of Mercer's underlying claim that his sentence is unlawful.